■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DORAN, Appellant. [600 NYS2d 222] —Appeal from the judgment of the Supreme Court, Bronx County (Bonnie Witt-

ner, J.), rendered on March 12, 1990, convicting defendant, following a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from eight and one-third to twenty-five years, is unanimously held in abeyance and the matter remanded for a hearing to enable the prosecution to have an opportunity to give reasons for the utilization of its peremptory challenges.

It is well settled that the racially motivated exercise of peremptory challenges is constitutionally impermissible *(Batson v Kentucky,* 476 US 79; *Griffith v Kentucky,* 479 US 314; *Holland v Illinois,* 493 US 474; *Alvarado v United States,* 497 US 543; *see also, People v Bolling,* 79 NY2d 317; *People v Jenkins,* 75 NY2d 550; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). In the situation herein, defense counsel protested to the court after the prosecution had used eight of its nine peremptory challenges to exclude African-Americans from the jury. The Assistant District Attorney then commented that "each and every Hispanic" had been disallowed by the defense. The Trial Judge, concluding that the jury selection was not racially discriminatory, noted that three of the four jurors already sworn were black. The prosecutor proceeded to challenge another black person, and defendant's attorney renewed his objections to the selection process, successfully requesting "additional challenges under the circumstances." Although the jury ultimately seated consisted of a high percentage of black individuals, the persons excluded by the District Attorney's peremptory challenges were disproportionately black notwithstanding that they were diverse group of people in terms of gender, religion, occupation and affiliations.

As the Court of Appeals observed in *People v Bolling (supra,* at 321): "The purpose of the *Batson* rule is to eliminate discrimination, not minimize it", and, therefore, it is irrelevant "that the jury, as finally selected, contained a proportionate number of African-Americans". In order to establish a prima facie case of discrimination arising out of the prosecution's use of peremptory challenges, a defendant must demonstrate that he or she is a member of a particular racial group, that the prosecutor exercised peremptory challenges to remove members of defendant's race from the panel and that the facts and other relevant circumstances are such as to create an inference that the prosecutor employed the challenges to exclude people because of their race *(Batson v Kentucky, supra; People v Bolling, supra; People v Jenkins,*

*supra*). In that regard, the facts are more than sufficient to raise an inference that the Assistant District Attorney invoked his peremptories to discriminate, and the trial court should have compelled the prosecutor to explain his challenges. Accordingly, this matter should be remanded so as "to afford the People an opportunity to provide racially neutral reasons for the exercise of their peremptory strikes" *(People v Bolling, supra,* at 325). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.