■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, STANLEY MCPHERSON, Appellant. [603 NYS2d 828] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered December 6, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years on each of the attempted murder counts, and 3 to 6 years on the weapon possession count, unanimously affirmed.

Defendant consented to admission of a document indicating

a prior consistent statement, and thus may not properly seek interest of justice review of such an " 'invited error' " *(People v Acosta,* 180 AD2d 505, 509-510, *lv denied* 80 NY2d 827). Additionally, as defendant vigorously cross-examined the witness regarding his mistake in transcription, pointedly suggesting that the mistake was recently brought to the witness' attention by the prosecutor, admission of the document indicating the prior consistent statement on redirect examination was appropriate to rehabilitate the witness' testimony following defendant's "at least implicit assertions of recent fabrication" *(People v Boyd,* 58 NY2d 1016, 1018).

Defendant's claim of "bad faith" on the part of the prosecutor in questioning the police officer who conducted the lineup is unsupported by the record. Additionally, any bolstering of one identification witness' testimony that may have been created by the officer's testimony was effectively rendered harmless by the trial court's prompt curative actions and the strong identification testimony in this case, making it unlikely that the jury would substitute the officer's testimony for that of the identification witness in question *(People v Nunez,* 162 AD2d 298, *lv denied* 76 NY2d 862).

We have considered defendant's additional claims of error and find them to be either unpreserved or without merit. Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.