■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILMORE WILKINS, Appellant. [625 NYS2d 507] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered February 2, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to reverse the possession conviction and to dismiss that count of the indictment, and otherwise affirmed.

The People established a prima facie case of purposeful racial discrimination in the use of peremptory challenges when they established that the defense had used five of its seven challenges to exclude white persons on the panel *(People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). Thereafter, defendant failed to give a nonpretextual race-neutral reason for his challenges *(People v Jenkins,* 75 NY2d 550, 556) where the criteria he claimed were the basis for his challenges were not objectionable in nonwhite jurors he found acceptable *(People v Vega,* 198 AD2d 56, *lv denied* 82 NY2d 932). We decline to remand for further fact finding defendant's unsupported and belated *Batson* claim, which was a visceral response to the People's *Kern* objection.

While the third-degree possession count for which defendant was convicted is not a lesser included offense of the sale count for which he was convicted, dismissal of the possession count is an appropriate exercise of discretion under CPL 300.40 (3) (a) *(People v Mesa,* 195 AD2d 422, 422-423, *lv denied* 82 NY2d 899). The judgment is modified to reverse the possession conviction and dismiss count two of the indictment.

Defendant has failed to provide any evidence that the imposition of the mandatory felony surcharge would work an unreasonable hardship upon him or his family as required by CPL 420.35 (2) *(see, People v Rada,* 160 AD2d 552, 553; *People v Lewis,* 134 AD2d 286), and thus there is no basis to conclude that the surcharge was improperly imposed. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.