■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR WINT, Appellant. [638 NYS2d 651]

We agree with defendant that the prosecutor's exercise of eight of its first nine peremptory challenges against African-American jurors constituted a pattern of strikes against a cognizable group of jurors raising an inference of discrimination (*see, People v Wilkins*, 214 AD2d 449, *lv denied* 86 NY2d 875; *People v Doran*, 195 AD2d 364). Such a showing constituted a prima facie case of discrimination, and the trial court erred in failing to require the prosecutor to give racially neutral explanations for his challenges (*People v Doran, supra*). Accordingly, we remand this matter for a *Batson* hearing to provide the People with the opportunity to provide such explanations.

Defendant's other claimed errors afford no basis for reversal. Although the trial court should have stricken the complainant's repeated, unresponsive references to a prior uncharged attack on her by defendant, and should have given the requested limiting instruction, any error was harmless in light of the overwhelming evidence of guilt (*see, People v Crimmins*, 36 NY2d 230; *People v Foster*, 211 AD2d 640, *lv denied* 85 NY2d 909), especially the strong eyewitness testimony of the complainant and a grocery store employee, both of whom knew defendant from the neighborhood, identifying defendant as the shooter.

Nor was a mistrial warranted due to the admission of inadequately redacted medical records, since defense counsel and the prosecutor reviewed the redactions together, and despite the records being admitted "subject to" defense counsel's further review, no further redactions were requested by the defense before the documents were given to the jury (*see, People v McPherson*, 198 AD2d 119, *lv denied* 82 NY2d 927), and no lesser relief was requested (*see, People v Young*, 48 NY2d 995). Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.