■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BENJAMIN, Appellant. [709 NYS2d 517] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 19, 1997, convicting defendant, after a jury trial, of burglary in the second degree and robbery in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 years and 2½ to 5 years, respectively, unanimously affirmed.

Defendant is not entitled to reversal based on the fact that the jury was able to see through an inadequately redacted portion of a police document and discover that he had been arrested previously for robbery. The document was entered into evidence by the defense and there is nothing in the record to indicate that the document was meant to be redacted; the redaction was done without the knowledge or consent of the court or the prosecutor. The document was admitted without

restrictions, and therefore, the jury could properly review it for all purposes (*see, People v Woolfolk*, 37 NY2d 766). Even if the document were meant to be redacted, the defense had ample opportunity to do so and cannot now complain that the redaction was inadequate (*see, People v Wint*, 225 AD2d 362).

Based on the totality of the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Hobot*, 84 NY2d 1021, 1024).

The court properly excluded hearsay evidence concerning the inability of certain alleged eyewitnesses to identify defendant. Defendant failed to preserve his present claim that this evidence, although hearsay, was admissible as a matter of constitutional law and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant did not establish that these negative identifications were reliable or that there was any reason to elicit them through hearsay rather than by calling the declarants as witnesses (*see, People v Clark*, 178 AD2d 258, 260, *lv denied* 79 NY2d 999; *People v Esteves*, 152 AD2d 406, 414, *lv denied* 75 NY2d 918). Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ.