**Donald BENJAMIN, Petitioner–Appellee,**

v.

**Brian FISCHER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellant.**

No. 03–2067.

United States Court of Appeals, Second Circuit.

Feb. 2, 2004.

Nicole Beder, Assistant District Attorney New York County (Robert M. Morgenthau, District Attorney, Morrie I. Kleinbart, on brief), New York, N.Y., for Appellant.

Joseph DeSimone, Mayer Brown Rowe & Maw LLP, (David Crow, The Legal Aid Society, of counsel), New York, N.Y., for Appellee.

PRESENT: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

In 1997, Donald Benjamin was convicted, following a jury trial, on charges of second-degree burglary and third-degree robbery in violation of New York law. He was sentenced to a total of eight-years' imprisonment. Benjamin unsuccessfully challenged his conviction in the state courts on the ground, *inter alia*, that the jury, by improperly probing a redacted defense exhibit, had been exposed to prej-

udicial extrinsic information, specifically, the fact of Benjamin's prior robbery arrests. In rejecting this argument, the Appellate Division, First Department, observed that the defense exhibit had been received into evidence by the trial court "without restrictions, and therefore, the jury could properly review it for all purposes." *People v. Benjamin,* 272 A.D.2d 276, 276–77, 709 N.Y.S.2d 517, 518, *review denied,* 95 N.Y.2d 904, 716 N.Y.S.2d 644, 739 N.E.2d 1149 (2000). The district court, in a detailed published opinion, *see Benjamin v. Fischer,* 248 F.Supp.2d 251 (S.D.N.Y.2002), ruled that the state court had unreasonably applied controlling Supreme Court precedent regarding jury exposure to extrinsic evidence. It further ruled that the exposure in this case could not be deemed harmless error. On appeal, respondent challenges both conclusions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), at 28 U.S.C. § 2254(d)(1), permits a federal court to grant a writ of habeas corpus to a state prisoner only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." In summarizing its recent jurisprudence on what constitutes "an unreasonable application" of clearly established federal law, the Supreme Court, in *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), stated:

> the "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petition's case. In other words, a federal court may grant relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which

the principle was announced. In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable.

*Id.* at 2534–35 (quotation marks and internal citations omitted). Applying these principles to the this case, we agree with the district court that the state court misapplied governing legal principles with respect to jury consideration of extrinsic evidence.

Supreme Court precedent makes plain that "[d]ue process means a jury capable and willing to decide the case *solely on the evidence before it.*" *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (emphasis added). Thus, if a jury learns facts about a defendant's bad character or uncharged crimes from materials outside the evidence, due process may well have been denied, *see Parker v. Gladden,* 385 U.S. 363, 364, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (reversing a conviction where court officer commented on defendant's "wicked" character to sequestered jurors); *see also Marshall v. United States,* 360 U.S. 310, 312–13, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959) (reversing conviction where jury exposed to news stories about defendant's past criminal record), unless the error can be deemed harmless, *see Loliscio v. Goord,* 263 F.3d 178, 185 (2d Cir. 2001).

Respondent submits that the district court erred in concluding as a matter of law that sections of Defense Exhibit B redacted by counsel with a black marker without the knowledge or express approval of the trial court constituted extrinsic information. On the somewhat unusual facts of this case, we disagree.

Certainly, defense counsel did not intend to offer his client's robbery arrest record into evidence when he moved the admission of Exhibit B. That is why he redacted the exhibit before submitting it to the jury.

Neither does it appear from the record that the prosecutor ever considered Benjamin's arrest record to be part of the evidence submitted for jury consideration. Exhibit B was offered into evidence for a single purpose: to demonstrate prior inconsistent statements by the victim of Benjamin's charged crimes. Moreover, the prosecutor apparently had the opportunity to review, and ultimately approved, the exhibits as they were submitted to the jury, presumably including the redacted version of Exhibit B.

Most important, no reasonable jury, upon review of redacted Exhibit B, would have thought that blacked-out passages in the document constituted evidence on which it was to deliberate. In short, this is not a case in which a jury innocently considered prejudicial material that a defense counsel simply forgot to delete from an exhibit. This is a case in which jurors engaged in extraordinary efforts to discover information that had been blacked-out from their view.

Precisely because the exhibit was presented to the jury in an obviously redacted form, the lack of an express restriction by the trial court is not determinative of whether the jury was exposed to extrinsic information. Certainly, the trial court never expressly approved jury consideration of Exhibit B's reference to Benjamin's prior arrest record; the matter was never brought to its attention. In a pretrial ruling, however, the court had precluded prosecution reference to these arrests. Because that ruling did not apply to the defense, we can well understand the trial court's frustration that defense counsel redacted arrest information from a trial exhibit without raising the matter with the court. Nevertheless, counsel's conduct appears more inept than unethical. The trial court acknowledged that it would have ordered redaction had an application been made.

However these unfortunate circumstances may have occurred, the fact remains that jurors presented with an obviously redacted document probed its blacked-out passages and thereby learned extrinsic information about Benjamin's arrest history that neither the trial court nor the parties ever intended to admit into evidence.

In this case, where the defendant's identity as the charged robber was hotly disputed, where the reliability of the victim identification was vigorously challenged, and where the jury plainly had difficulty reaching a unanimous verdict, the district court correctly concluded that the jury's exposure to this extrinsic information could not be deemed harmless error under either the standard set forth in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (court must determine "beyond a reasonable doubt that this constitutional error was not harmless"), or that articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (court must consider whether error "had substantial and injurious effect or influence in determining the jury's verdict").

Because the district court properly granted Benjamin a writ of habeas corpus, we hereby AFFIRM its judgment.