OPINION OF THE COURT
Denis R. Hurley, J.
Respondent moves for a dismissal of the captioned delin *637 quency petition, pursuant to Family Court Act § 315.1 (1) (a), upon the ground that it does not comply with the legal sufficiency criteria established by Family Court Act §§ 311.1 and 311.2. More particularly, he claims that it fails to establish by nonhearsay evidence an essential element of the underlying crime.
The petition alleges that respondent, in concert with two other juveniles, committed an act, which, if committed by an adult, would constitute the crime of rape in the third degree, as defined by Penal Law § 130.25. That section provides that a male is guilty of rape in the third degree when he engages in sexual intercourse with a female who is incapable of giving consent by reason of some factor other than being less than 17 years old.
The factual part of the petition recites that the respondent, with two others, "did have sexual intercourse with victim Kathleen D. who is retarded”. (Emphasis supplied.)
Ms. D. is 21 years of age. The petitioner contends that she was unable to consent due to her mental limitations. In that regard, Penal Law § 130.05 (3) provides that "[a] person is deemed incapable of consent when he is * * * (b) mentally defective”. That term is defined in Penal Law § 130.00 (5) thusly: " 'Mentally defective’ means that a person suffers from a mental disease or defect which renders him incapable of appraising the nature of his conduct.”
The petition is supported by four depositions, those of the victim and her sister, Laurie O., and Thomas A. McC. and Daniel B., corespondents. The corespondents’ statements refer to the victim as a "retarded girl”. Laurie O.’s deposition states that her sister "has brain damage and responds much as a five-year-old”. The victim’s statement relates "I am brain-damaged from birth”. The foregoing are all of the remarks in the four depositions that relate in any manner to Ms. D.’s mental condition.
Query: Are the statements in the aforementioned four depositions insufficient to properly plead the alleged victim’s lack of consent?
To place the respondent’s argument in prospective, a brief review of the pleading requirements of Family Court Act § 311.2 is in order. That section provides:
"A petition * * * is sufficient on its face when * * *
"3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every *638 element of each crime charged and the respondent’s commission thereof.”
Preliminarily it should be noted that the "non-hearsay allegations” requirement of subdivision (3) is not to be read literally. Thus, by way of example, hearsay, if falling within one of the exceptions to that exclusionary rule, may be used to support a juvenile delinquency petition. (Matter of Rodney J., 108 AD2d 307, 311 [1st Dept 1985].) In the present context, "non-hearsay” simply means information that would be admissible at trial. See, People v Hurtado (116 Misc 2d 897, 899 [Crim Ct, NY County 1982]) interpreting the "non-hearsay allegations” requirement of CPL 100.40, bearing in mind that Family Court Act § 311.2 (3) was derived from that section. (See, Historical Note, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.2, at 340; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.2, at 340.) For an accusatory instrument to withstand a motion to dismiss, such "non-hearsay” evidence must "establish, if true, every element of the crime charged”. (Family Ct Act § 311.2 [3].)
Assuming, arguendo, that the terminology used in the petition and supporting depositions to describe the alleged victim’s mental condition are synonymous with the statutory term of "mentally defective”, are the affiants’ opinions sufficient to establish — prima facie — her inability to consent to sexual intercourse? If not, the petition must be dismissed for lack of consent is an essential element of the act charged.
My research, and that of counsel, indicates that there are no reported decisions directly on point. Clearly, however, the factual observations of lay witnesses, such as the four affiants, would be admissible at trial as bearing on Ms. D.’s condition, and thus may be considered in evaluating the adequacy of the pleading. By way of example, her sister might testify about helping her to get dressed, or otherwise provide for her daily care. The question remains as to whether that type of evidence — standing alone — would be sufficient to establish at trial that she "suffers from a mental disease or defect which renders [her] incapable of appraising the nature of [her] conduct”. (Penal Law § 130.00 [5].) For the reasons hereinafter explained, I believe that the answer must be "No”. Accordingly, the respondent may not be made to stand trial under such a flawed instrument, i.e., one that fails to satisfy the prima facie pleading criteria of Family Court Act § 311.2. (See, *639 Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40, at 67.)
The rationale I used to reach the above conclusion is as follows:
1. Strict rather than liberal construction is the rule when judging the adequacy of an accusatory instrument. (See, Matter of Rodney J., supra, at 310-311; cf, People v James, 4 NY2d 482, 485 [1958].)
2. Mental impairment, even to the extent of being retarded, is not necessarily synonymous with inability to consent within the meaning of Penal Law § 130.05 (3). As stated by the Court of Appeals in People v Easley (42 NY2d 50, 54 [1977]): "Even mental retardation does not mean that an individual is incapable of consenting as a matter of law. The requisite degree of intelligence necessary to give consent may be found to exist in a person of very limited intellect”.
3. Generally, a lay witness such as each of the affiants in the present case — while competent to provide an opinion as to the rationality or irrationality of conduct — may not testify as to another’s mental capacity or soundness of mind. (See, e.g., Richardson, Evidence § 364 [m], at 334 [Prince 10th ed]; Fisch, New York Evidence § 370, at 251 [2d ed].)
4. Although the precise issue before the court has not been the subject of a prior reported decision, an analogy may be drawn to the host of cases which have held that a controlled substance charge must be dismissed unless the opinion of an expert identifying the drug is incorporated into the pleading. (See, e.g., People v Dumas, 68 NY2d 729 [1986]; People v Burton, 133 Misc 2d 701 [Crim Ct, NY County 1986] [and cases cited therein].) Usually that identification is found in a laboratory report. In a proper case, a police officer — if shown to be an expert — might provide the necessary information. (Supra.) But the absence of such expert information renders a pleading facially defective, mandating its dismissal. (People v Dumas, supra.)
Similarly, an essential element of the petitioner’s proof is a lack of consent, predicated on the alleged victim being "mentally defective”. No opinion of an expert is contained in, or attached to, the pleading. It is not even suggested, no less established, that any of the three, nonvictim affiants possess the necessary expertise — by training, experience, or education —to define Ms. D.’s mental condition, or to render an opinion on the relationship between that condition and her inability to *640 consent to sexual intercourse. That deficiency certainly is not cured by the opinion of the fourth affiant, the alleged victim herself, as to the nature of her limitations.
The present petition, like the one in Dumas (supra), is defective for its failure to include information as to an essential element of the case, which information would be both admissible at trial and sufficient, if believed, to support a conviction.
The respondent has two corespondents, Thomas McC. and Daniel B., each charged by a separate petition. A valid petition is a nonwaivable jurisdictional prerequisite in a juvenile proceeding. (Matter of Michael G., 93 AD2d 836 [2d Dept 1983].) Therefore, the two petitions that pertain to the corespondents (dockets Nos. D-1164-86 and D-l165-86) are also dismissed, sua sponte. Copies of this decision and order shall be sent to the attorneys for those corespondents, as well as the attorney for the respondent Darnell who made the motion which resulted in the present dismissals.
All dismissals are without prejudice to the laying of new petitions if, in fact, the necessary information exists to properly allege that Ms. D. suffers from a mental disease or defect which rendered her incapable of consenting to the acts that the three boys are claimed to have committed. Such an opinion must be furnished by an appropriate physician or other individual who would be qualified to so testify at trial. See, People v Dixon (66 AD2d 971, 972 [3d Dept 1978]) for the type of witnesses that the prosecution presented in that trial to establish the victim’s inability to consent.