■ In the Matter of MICHAEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. THOMAS DUFF, as Senior Probation Officer, Tioga County, Respondent. [656 NYS2d 412] —Spain, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered January 30, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to find respondent in violation of a prior order of probation, and placed him in the custody of the Division for Youth for a period of one year.

In June 1995 respondent (born in 1979) was adjudicated a juvenile delinquent. Respondent was placed on probation under specified terms and conditions for a period of 12 months. Shortly thereafter he was charged with violating the terms of his probation on the ground that he had been arrested on a charge of disorderly conduct (Penal Law § 240.20) in violation of the term requiring that he refrain from violating any Federal, State or local law and, further, that he had engaged in an altercation with a young woman over a necklace, in violation of the term requiring that he refrain from associating with said young woman. The violation petition was later

amended to add a charge that respondent had aided and abetted two other young men in knowingly, willfully and intentionally setting fire to an automobile, an act which, if committed by an adult, would constitute the crime of arson in the third degree. The charges, as amended, were embodied in a "violation of order of probation petition" which was prepared and signed by petitioner, a probation officer for the Tioga County Probation Department. The petition described, "upon information and belief", the time, place and manner in which the violations occurred; it was subscribed and sworn to by petitioner, but was not accompanied by any supporting depositions or affidavits.

Family Court thereafter rejected respondent's attempt to plead to the violations charged and commenced a probation violation hearing. After the fact-finding portion of the hearing, respondent was found, *inter alia*, to have violated the conditions of his probation with respect to associating with the young woman and with respect to aiding and abetting in the commission of the arson. Family Court revoked respondent's probation and directed that he be placed with the Division for Youth for a period of one year. Respondent appeals.

Finding merit in respondent's contention that the petition was jurisdictionally defective in its failure to comply with the legal sufficiency criteria set forth in the Family Court Act, we reverse. Family Court Act § 360.2 (2) provides, in relevant part, as follows: "The petition must be verified and subscribed by the probation service or the appropriate presentment agency. Such petition must stipulate the condition or conditions of the order violated and a reasonable description of the time, place and manner in which the violation occurred. Non-hearsay allegations of the factual part of the petition or of any supporting depositions must establish, if true, every violation charged." In the absence of any authority defining "non-hearsay allegations" under Family Court Act § 360.2 (2), we turn to an almost identical provision in Family Court Act § 311.2, wherein "non-hearsay allegations" refer to "information that would be admissible at trial" (*Matter of Darnell T.*, 134 Misc 2d 636, 638; *see*, *Matter of Rodney J.*, 108 AD2d 307, 310-311).

Here, the amended petition alleged, upon information and belief, that respondent had violated several terms of the conditions of probation, specifically, as is relevant here, that he had aided and abetted in conduct which, if committed by an adult, would constitute the crime of arson in the third degree and that he had engaged in an altercation. Significantly, there were no supporting depositions or affidavits attached to the pe-

tition. Moreover, petitioner did not establish the source or the basis for the information he alleged. In our view, the petition was facially insufficient because it did not contain "[n]on-hearsay allegations of the factual part of the petition" which would "establish, if true, every violation charged" (Family Ct Act § 360.2 [2]).

Further, we reject petitioner's contention that even if the amended petition was defective, respondent has waived the issue because he failed to object to the sufficiency of the petition during the proceeding. The Court of Appeals, in interpreting Family Court Act § 311.1 *et seq.*, has held that compliance with the requirements of that statute is a formal prerequisite to a juvenile delinquency proceeding and a condition precedent to a fact-finding hearing (*see, Matter of Neftali D.*, 85 NY2d 631, 636). A facially insufficient petition which does not provide nonhearsay allegations supporting the crimes charged renders the petition jurisdictionally defective and subjects it to dismissal (*id.*, at 636; *see, Matter of Wesley M.*, 83 NY2d 898; *Matter of Rodney J.*, 83 NY2d 503; *Matter of Jahron S.*, 79 NY2d 632). In our view, because Family Court Act § 360.2 requires nonhearsay allegations to support violation charges and because the Court of Appeals has interpreted the same wording as found in Family Court Act § 311.2 to require that a facially sufficient petition be a formal prerequisite to a juvenile proceeding and nonwaiveable, the same standards should be applied, even at the postadjudicatory stage. Accordingly, dismissal of the amended petition and reinstatement of probation is required (*see, Matter of Felix V.*, 216 AD2d 401).

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and amended petition dismissed.