■ In the Matter of STEVEN DD., a Person Alleged to be a Juvenile Delinquent, Appellant. DEBRA A. LAND, as Delaware County Juvenile Probation Officer, Respondent. [663 NYS2d 330] —Crew III, J. P. Appeal from an amended order of the Family Court of Delaware County (Estes, J.), entered December 9, 1996, which granted petitioner's application to find respondent in violation of a prior order of probation, and placed him in the custody of the Division for Youth for a period of one year.

By order entered August 20, 1996, respondent was adjudicated a juvenile delinquent and placed on probation under the supervision of the Delaware County Probation Department. In accordance with the terms of his probation, respondent was to attend school regularly, participate in weekly mental health counseling and comply with any further recommendations made by the Probation Department. Less than two months later petitioner, a juvenile probation officer, commenced this proceeding alleging that respondent had violated his probation. At the conclusion of the fact-finding and dispositional hearings that followed, Family Court found that respondent indeed had violated the terms of his probation and directed that he be placed with the Division for Youth for a one-year period. This appeal by respondent followed.

Respondent's primary argument on appeal is that the petition filed in this matter is facially insufficient and, as such, must be dismissed. We agree. Family Court Act § 360.2, which governs the filing of a petition for a violation of probation, mandates that "[n]on-hearsay allegations of the factual part of the petition or of any supporting depositions must establish, if true, every violation charged" (Family Ct Act § 360.2 [2]). Here petitioner alleged, upon information and belief, that respondent had violated the terms of his probation by incurring eight unexcused absences from school and failing to schedule and/or participate in the required mental health counseling sessions. No supporting deposition or affidavit from either the appropriate school attendance official or the mental health counselor were attached to the petition. As the underlying petition failed to set forth the requisite nonhearsay allegations, we have no choice but to conclude that the petition failed to comply with the mandates of Family Court Act § 360.2 (2) (see, Matter of Michael C., 238 AD2d 680, 681-682).

In reaching this conclusion, we note that petitioner's attempts to distinguish this matter from our recent decision in

*Matter of Michael C. (supra)* are unavailing. Although petitioner argues on appeal that respondent was subject to her direct supervision and, hence, she had personal knowledge of the facts alleged in the petition, such an assertion is belied by the petition itself, which plainly recites that the allegations contained therein are set forth "upon information and belief". Moreover, petitioner failed to clearly identify the precise source or basis for the information alleged in the petition (*see, id.,* at 682). In this regard, to the extent that petitioner maintained records during the course of her employment documenting respondent's compliance with the terms of his probation that would have been admissible under the business record exception to the hearsay rule (*see,* CPLR 4518), we need note only that no such documents were attached to the petition. Finally, contrary to petitioner's assertion, the mere fact that sufficient admissible testimony was adduced at the hearing to establish respondent's violation of probation is of no moment, as the failure to comply with Family Court Act § 360.2 (2) is a nonwaivable jurisdictional defect (*see, e.g., Matter of Michael C., supra,* at 682; *cf., Matter of Rodney J.,* 83 NY2d 503, 507). In light of this conclusion, we need not address the remaining arguments advanced by respondent on appeal.

White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and petition dismissed.