■ In the Matter of SHANNON F., a Person Alleged to be a Juvenile Delinquent, Appellant. SARATOGA COUNTY PROBATION DEPARTMENT, Respondent. [714 NYS2d 159] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered June 4, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to revoke a prior order of conditional discharge, and placed respondent in the custody of the Office of Children and Family Services for a period of one year.

Respondent was adjudicated a juvenile delinquent by order of Family Court on March 11, 1999. She was granted a conditional discharge upon certain terms and conditions.* By petition verified April 7, 1999 and amended petition verified April 28, 1999, a Saratoga County probation officer commenced this proceeding alleging that respondent violated the terms and conditions of her conditional discharge. After several days of a hearing on the violation (*see*, Family Ct Act § 360.3), Family Court determined that respondent had violated the terms and conditions of her conditional discharge, revoked the order of conditional discharge and placed respondent in the custody of the Office of Children and Family Services for a period of one year (*see*, Family Ct Act § 360.3 [6]; § 352.2). Respondent appeals.

Respondent argues on appeal that petitioner failed to establish by a fair preponderance of the evidence that she violated the terms and conditions of her conditional discharge, the violation petition was defective because it did not meet the requirements of Family Court Act § 360.2 (2) (*see*, *Matter of Steven DD.*, 243 AD2d 890) and Family Court abused its discretion in not imposing a less restrictive placement by not placing her with her father. Respondent's placement with the Office of Children and Family Services terminated on May 19, 2000. Petitioner contends that respondent's appeal has been rendered

---

* The March 11, 1999 Family Court order with these terms and conditions was not included in the record.

moot (*see*, *Matter of Mark J.*, 259 AD2d 40; *Matter of Tanya M.*, 207 AD2d 656) and elected not to submit responding papers. Since we are of the opinion that a finding that respondent violated the terms and conditions of her conditional discharge of the juvenile delinquency proceeding will have an enduring consequence on respondent, we do not find this appeal moot (*see*, *Matter of Bickwid v Deutsch*, 87 NY2d 862, 863).

A reading of the petition and amended petition in the record reveals them to be woefully deficient when scrutinized in light of the requirements of Family Court Act § 360.2 (2). The petition fails to "stipulate the condition or conditions of the order violated" and does not contain "[n]on-hearsay allegations * * * [or a] supporting deposition[ ] * * * [which], if true, [would establish] every violation charged" (*id.*). Although a school attendance record appears in the record, there is no proof that it was made part of the petition or that petitioner maintained those attendance records as part of the supervision of respondent's conditional discharge qualifying them as business records and satisfying the statutory requirement that the petition contain nonhearsay allegations (*see*, *Matter of Steven DD.*, 243 AD2d 890, *supra*). As the failure to comply with Family Court Act § 360.2 (2) is a nonwaivable jurisdictional defect (*see*, *Matter of Michael C.*, 238 AD2d 680), the petition should have been dismissed.

Mercure, J. P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.