■ In the Matter of TODD D., a Person Alleged to be a Juvenile Delinquent, Appellant. J. DOUGLAS MCMANUS, JR., as Schenectady County Attorney, Respondent. [732 NYS2d 488] —Mugglin, J. Appeal from an order of the Family Court of Schenectady County (DeCataldo, J.), entered October 27, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to revoke respondent's probation.

In July 2000, respondent was adjudicated a juvenile delinquent and was placed on probation under specified terms and conditions for a period of one year. In September 2000, his probation officer filed a violation petition accusing respondent of two incidents of stealing, violating his curfew, refusing to attend school, and refusing to get a required immunization. Respondent, in the presence of his Law Guardian, by agreement with petitioner, admitted to the allegations of the probation violation petition and the matter was adjourned for disposition. At the commencement of the dispositional hearing, respondent's Law Guardian sought dismissal of the petition on the ground that it was jurisdictionally defective since it failed to include nonhearsay allegations sufficient to establish prima facie any violation of the terms and conditions of probation. Noting that respondent had already admitted the allegations of the petition, Family Court denied the motion, the hearing proceeded, respondent's probation was revoked and he was ultimately placed in the care and custody of the Office of Children and Family Services for a period of one year. This appeal ensued.

Our analysis begins by noting that Family Court Act § 360.2 (2) provides as follows: "The petition must be verified and subscribed by the probation service or the appropriate presentment agency. Such petition must stipulate the condition or conditions of the order violated and a reasonable description of the time, place and manner in which the violation occurred. Non-hearsay allegations of the factual part of the petition or of any supporting depositions must establish, if true, every violation charged." To address the adequacy of the nonhearsay allegations of the petition, we are guided by the almost identical provision in Family Court Act § 311.2 (see, Matter of Michael C., 238 AD2d 680, 681) which, in juvenile delinquency proceedings, requires that nonhearsay allegations of fact in the petition and in any supporting depositions establish, if true, every element of each charged violation (see, Matter of Rodney J., 83 NY2d 503, 507; Matter of Jessica N., 264 AD2d 778; Matter of Steven DD., 243 AD2d 890).

Here, the probation officer's allegations, while appearing to have been made on personal knowledge, are clearly hearsay, a fact which is not presently disputed by petitioner. In the absence of any nonhearsay evidence in the form of supporting depositions or the like, the petition is jurisdictionally defective and must be dismissed (see, Matter of Steven DD., supra, at 890; Matter of Michael C., supra, at 682). As a final matter, respondent's admissions prior to raising the jurisdictional objection do not foreclose the challenge. A proper jurisdictional

predicate, including a facially sufficient petition, is a prerequisite to adjudication (*see, Matter of Michael C., supra*, at 682).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.