■ In the Matter of DARRELL CC., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. [751 NYS2d 113] —Mugglin, J. Appeal from an order of the Family Court of Franklin County (McGill, J.), entered September 10, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of disposition.

Respondent was adjudicated a juvenile delinquent and placed on probation. A violation petition was filed and Family Court subsequently determined that respondent violated the terms and conditions of probation. Following a dispositional hearing, respondent was placed in the custody of the Office of Children and Family Services, pursuant to an amended order, for a period of 12 months.

On this appeal, respondent's initial contention is that the nonhearsay allegations of the factual part of the violation petition failed to establish either of the violations charged, rendering the petition legally insufficient and jurisdictionally defective. We agree. A petition alleging a violation of probation is facially sufficient if nonhearsay allegations contained therein, or supporting documents, establish every violation charged (*see* Family Ct Act § 360.2 [2]). Noncompliance renders the petition jurisdictionally defective, compelling dismissal (*see Matter of Nicholas RR.*, 290 AD2d 680, 681-682).

Here, the factual allegations are made on information and belief, neither revealing the source of the probation officer's knowledge nor attaching supporting depositions attesting to the facts alleged. Thus, the petition fails to comply with the mandates of Family Ct Act § 360.2 (*see Matter of Steven DD.*, 243 AD2d 890, 890; *Matter of Michael C.*, 238 AD2d 680, 681-682). Facial insufficiency is a nonwaivable jurisdictional defect (*see Matter of Neftali D.*, 85 NY2d 631, 637), and can be raised for the first time on appeal (*see Matter of Charles BB.*, 277 AD2d 756, 757). Since respondent has completed the period of placement, dismissal of the petition is warranted (*see Matter of Herbert RR.*, 214 AD2d 891). Based on this disposition, respondent's other contentions need not be considered.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.