■ In the Matter of WHITNEY Z., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. [785 NYS2d 559]—

Crew III, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered April 14, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to revoke respondent's probation.

In April 2002, respondent was adjudicated a juvenile delinquent and placed on 12 months' probation. Thereafter, respondent admitted to violating the terms of her probation and, as a consequence, was placed in the custody of the Saint Regis Mohawk Tribe for one year. Respondent now appeals.

Initially, we reject petitioner's contention that this proceeding should be dismissed because respondent abandoned her appeal. We need note only that we twice extended respondent's time to perfect this appeal, and respondent thereafter filed her brief and record within the time allotted.

Turning to the merits, we agree with respondent's contention that the petition for a violation of probation was jurisdictionally defective. It is axiomatic that the factual portion of a petition must be supported by nonhearsay allegations which, if true, would establish the violation charged (*see* Family Ct Act § 360.2 [2]). Here, the probation officer filed a petition alleging, upon information and belief, that respondent violated the terms and conditions of her probation by failing to attend school regularly and abide by her curfew. Such information and belief consisted of, inter alia, the report of an Intensive Preventive Program worker and communications with the director of the Saint Regis Human Services Department. Notably, neither individual submitted an affidavit in support of the violation petition. As for petitioner's contention that respondent is precluded from contesting the sufficiency of the petition by reason of the fact that she admitted to the violation and consented to the placement order, we cannot agree. The failure to include nonhearsay affidavits in support of the factual allegations in a petition constitutes a nonwaivable jurisdictional defect that may be raised for the first time on appeal (*cf. Matter of Shane B.*, 4 AD3d 650, 651 [2004]).

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.