■ In the Matter of MARKIM Q., a Person Alleged to be a Juvenile Delinquent, Appellant. [803 NYS2d 646]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an amended order of disposition of the Family Court, Richmond County (Porzio, J.), dated February 27, 2004, which, after a hearing, found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated September 12, 2003, placing him on probation, vacated the order of disposition dated September 12, 2003, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months less the period of time spent in detention pending disposition.

Ordered that the appeal from so much of the amended order of disposition dated February 27, 2004, as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months less the period of time spent in detention is dismissed, as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Jerrol H.*, 19 AD3d 693 [2005]); and it is further,

Ordered that the amended order of disposition dated February 27, 2004, is reversed insofar as reviewed, on the law, without costs or disbursements, the order of disposition dated September 12, 2003, is reinstated, and the petition alleging a violation of probation is dismissed.

A petition alleging a violation of probation brought pursuant to Family Court Act § 360.2 is facially sufficient if nonhearsay allegations contained therein, or supporting documents, establish every violation charged (*see* Family Ct Act § 360.2 [2]; *Matter of Christian T.L.*, 8 AD3d 670 [2004]; *Matter of Darrell CC.*, 299 AD2d 757 [2002]; *Matter of Jessica N.*, 264 AD2d 778 [1999]). In addressing the adequacy of the nonhearsay allegations of a petition of violation, we are "guided by the almost identical provision in Family Court Act § 311.2 . . . which, in juvenile delinquency proceedings, requires that nonhearsay allegations of fact in the petition and in any supporting depositions establish, if true, every element of each charged violation" (*Matter of Todd D.*, 288 AD2d 740, 741 [2001]; *see Matter of Michael C.*, 238 AD2d 680, 681 [1997]).

The Court of Appeals has held that the nonhearsay allegations contained in the supporting depositions of a juvenile delinquency petition must be sworn to satisfy the facial sufficiency

requirements of Family Court Act § 311.2 (3) (*see Matter of Neftali D.*, 85 NY2d 631, 635 [1995]). The purpose of this requirement is to "ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived of liberty based on the petition" (*Matter of Neftali D., supra* at 634-635). Since the provisions of Family Court Act §§ 311.2 and 360.2 are analogous and in pari materia (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 221), and the petition of violation, if established, could result in the juvenile's re-arrest and the deprivation of his or her liberty (*see People ex rel. Silbert v Cohen*, 29 NY2d 12, 14 [1971], *affg* 36 AD2d 331, 332 [1971]), the nonhearsay allegations contained in the supporting depositions of the petition of violation must be sworn to satisfy the facial sufficiency requirements of Family Court Act § 360.2 (2).

The Family Court found that the petition of violation and supporting exhibit satisfied the facial sufficiency requirements and established that the appellant violated a condition of his probation in that he did not regularly attend school. We disagree. The exhibit submitted in support of the allegation in the petition alleging that the appellant was truant from school consisted of a printout from the New York City Public Schools of the appellant's individual student attendance report for the 2003-2004 school year, a "Delegation of Authority" form delegating to the school's records secretary the authority to certify school records, and a certification form signed by the records secretary. The certification form required the certifier to check a box to describe which of the appellant's records was being certified, i.e., an incident report, an attendance record, or a cut record, for the 2003 school year. None was checked. The form also stated, in pertinent part, that "this record was made in the regular course of business and it was the regular course of business to make such records [*sic*] at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." Assuming that this certification was sufficient to satisfy the business record exception set forth in CPLR 4518, *Matter of Neftali D.* (*supra*), requires that these nonhearsay allegations be verified or attested to by an individual with knowledge of the facts. Because the charge in the petition of violation that the appellant failed to attend school regularly was not supported by sworn nonhearsay allegations, the petition was facially insufficient.

Facial insufficiency is a nonwaivable jurisdictional defect and can be raised for the first time on appeal (*see Matter of Michael M.*, 3 NY3d 441, 449 [2004]; *Matter of Neftali D., supra* at 637; *Matter of Charles BB.*, 277 AD2d 756, 757 [2000]). Here,

noncompliance with the facial sufficiency requirements of Family Court Act § 360.2 (2) rendered the petition jurisdictionally defective, compelling its dismissal (*see Matter of Christian T.L., supra; Matter of Darrell CC., supra*). Crane, J.P., Goldstein, Luciano and Spolzino, JJ., concur.