OPINION OF THE COURT
Alma Cordova, J.
This case presents an issue of first impression for this court: Whether the court should, based on a recent Second Department decision and in the furtherance of justice, vacate its prior finding to a violation of probation and release respondent who has been in placement since August 1, 2005.
Respondent has filed this notice of motion pursuant to Family Court Act §§ 311.2, 355.1 (1) (b) and § 360.2 seeking not only to dismiss the violation of probation petition and the court’s finding that respondent violated his probation but also to vacate the court’s order placing respondent with the Office of Children and Family Services for a period of up to 18 months.
Procedural History
On January 23, 2003, the presentment agency filed a petition alleging that respondent had committed acts which if committed by an adult would constitute the crimes of attempted gang assault in the third degree, assault in the third degree, unlawful imprisonment in the second degree and menacing in the third degree.
On April 22, 2003, following a fact-finding hearing, respondent was found to have committed the above acts. On June 9, 2003, respondent was adjudicated a juvenile delinquent and placed on probation for a period of 24 months pursuant to Family Court Act § 353.2. As a condition of probation, respondent was required to attend school regularly and obey all the lawful school rules and regulations.
On March 24, 2005, the probation officer filed a verified petition alleging that upon information and belief respondent knowingly violated the terms and conditions of probation in that he has missed 81 days of school and has been late on approximately 24 days. Attached to the violation petition is a delegation of authority by the principal of DeWitt Clinton High School and a certification by the guidance counselor stating that the record attached is a full and complete record of the condition, act, transaction, occurrence or event of the institution concerning the respondent. The individual student attendance report and the cumulative cut list are attached to this certification.
On May 31, 2005, a violation of probation hearing was held and properly delegated and certified school records were *304 introduced into evidence pursuant to Civil Practice Law and Rules § 4518. The court found that respondent had violated the terms of his probation by failing to attend school regularly. On August 1, 2005, the court revoked respondent’s probation and placed him with the Office of Children and Family Services for a period of up to 18 months as the least restrictive alternative, consistent with his needs as well as the protection of the community.
According to the motion papers, a notice of appeal was filed on August 3, 2005. Nevertheless, on December 1, 2005, respondent filed this notice of motion.
Respondent’s Position
It is respondent’s position that the truancy charge in the probation violation petition is jurisdictionally defective because the school attendance record supporting the truancy charge contains no sworn allegations from the guidance counselor who certified the records or from any other school personnel. Specifically, respondent relies on Matter of Markim Q. (22 AD3d 498 [2d Dept 2005]) which dismissed a violation of probation petition rendering it jurisdictionally defective because the school attendance records were not verified, notwithstanding the fact that they were submitted with a certification and delegation of authority from the school administration.
Additionally, respondent contends that the nonhearsay requirements articulated in Family Court Act § 311.2 (3), which govern initial juvenile delinquency petitions, are also applicable to violation of probation petitions filed pursuant to Family Court Act § 360.2 and that the nonhearsay allegations in a juvenile delinquency petition must be verified or attested to by an individual with knowledge of the facts.
Lastly, respondent contends that since the original probation order was scheduled to expire on June 9, 2005, and since dismissal of the truancy charge will result in respondent being credited with the time the violation of probation petition has been pending, the court has lost jurisdiction.
Presentment Agency’s Position
The presentment agency submits that dismissal of the violation of probation petition is unwarranted for several reasons:
First, the Second Department’s recent decision in Matter of Markim Q. (supra) does not satisfy the statutory requirement of substantial change of circumstances pursuant to Family Court Act § 355.1 which requires a factual and not a legal showing. *305 While it is conceded that this court is bound by the Second Department’s decision, the presentment agency adds that this court has the discretion to deny respondent’s request on grounds unrelated to the merits of the motion.
Second, respondent offers no explanation or good cause for the belated nature of his request which was filed four months after the final order was entered and long after his appellate remedies were exháusted.
Third, the violation of probation petition is facially sufficient and fully comports with the requirements of Family Court Act § 360.2. Notwithstanding the lack of attestation language, certified records are the statutory equivalent of sworn allegations of fact. Because they constitute records of a municipal corporation (see CPLR 2307) and because they are certified in conformity with CPLR 4518, these records constitute prima facie evidence of respondent’s truancy from school during his period of probation supervision. The presentment agency argues that there is no reason that a document containing such independent indicia of reliability as to constitute prima facie evidence, by statute, cannot be used for the same purpose.
Fourth, Matter of Markim Q. is factually distinguishable from the instant case. The Second Department noted that the certification appended to the appellant’s school records required the individual signing the certification to check off the type of record being certified, which was not done. In this case, the certification and delegation have no such defect and they state with specificity that the records annexed are school attendance records.
Fifth, the statutes should not be interpreted by courts in a manner that would result in absurdity. Thus, were the courts to follow respondent’s reasoning, the same certified and delegated school attendance records that sufficed, without more, to establish respondent’s truancy at trial, would not be sufficient to initiate a violation of probation proceeding against him.
The Law
Family Court Act § 360.1 (1) provides that a “respondent who is placed on probation shall remain under the legal jurisdiction of the [Family C]ourt pending expiration or termination of the period of the order of probation.” The Practice Commentaries in McKinney’s Consolidated Laws of New York state that this provision was included in order to give formal juridical status to the concept of the relationship between the court and the *306 probationer. (Besharov and Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 360.1, at 516.) Therefore, any purported defect in the violation of probation petition does not affect the court’s jurisdiction.
The question of the court’s lack of jurisdiction can be properly raised by motion at any time while the order of the court is in force and effect. (Matter of Muhlhausen v Ray, 89 Misc 2d 298 [Fam Ct, Suffolk County 1977].)
The primary section to be applied when a motion is filed requesting a new hearing or a stay, modification or termination of an order is Family Court Act § 355.1.
Subdivision (1) states:
“Upon a showing of a substantial change of circumstances, the court may on its own motion or on motion of the respondent or his parent or person responsible for his care:
“(a) grant a new fact-finding or dispositional hearing; or
“(b) stay execution of, set aside, modify, terminate or vacate any order issued in the course of a proceeding under this article.”
Addressing the scope of Family Court Act § 355.1, Besharov and Sobie (Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 355.1, at 497) state that it is not a complete statement of the Family Court’s authority to modify or vacate its prior order. This section and CPLR 5015 merely codify some of the principal grounds upon which the courts can exercise their inherent power to vacate, but do not set forth an exhaustive list or in any way limit this power. (Matter of Delfín A., 123 AD2d 318 [2d Dept 1986]; Family Ct Act § 164 [CPLR shall “apply to proceedings under this act to the extent that they are appropriate to the proceedings involved”].) Therefore, it would be proper for this court to also treat the motion brought by respondent as one brought under CPLR 5015 (a) (4) on the ground that the court which rendered the judgment or order lacked jurisdiction to render such a judgment or order.
Additionally, the lower courts have found that even in the absence of a substantial change in circumstances, the court has inherent power to alter its own prior order(s) for sufficient reason(s) in the furtherance of justice. (Matter of Carmen R., 123 Misc 2d 238 [Fam Ct, St. Lawrence County 1984]; see, also, *307 Matter of Javon H., NYLJ, May 9, 2003, at 24, col 6.) Courts have traditional power to grant relief from an order or judgment in the interest of justice and in the exercise of their discretion (Matter of Malik O., 158 Misc 2d 272 [Fam Ct, Kings County 1993]).
Analysis and Decision
After reviewing the motion papers, the relevant statutes and case law, the court is exercising its inherent power to vacate its own orders in the interest of justice despite the fact that there was no factual showing of a change of circumstances pursuant to Family Court Act § 355.1.
The court does not find persuasive the presentment agency’s contention that respondent’s calling into question the court’s jurisdiction is belated. CPLR 5015 (a) does not provide any specific time limitation for the bringing of any motion pursuant to its provisions and certainly no time period should apply where the court’s order is being attacked as void for lack of jurisdiction. “Want of jurisdiction may be asserted at any time.” (Matter of Muhlhausen, supra at 300.) In the same vein, respondent’s failure to object to the sufficiency of the petition during the trial does not waive the issue. (Matter of Neftali D., 85 NY2d 631 [1995].) Facial insufficiency is a nonwaivable jurisdictional defect and can be raised for the first time on appeal. (Matter of Michael M., 3 NY3d 441 [2004]; Matter of Michael C., 238 AD2d 680 [3d Dept 1997].) Even after admission, the court held that it did not waive the jurisdictional claim. (Matter of Whitney Z., 12 AD3d 971 [3d Dept 2004].)
Additionally, the presentment agency’s argument that the certified records in this case are the statutory equivalent of sworn allegations of fact by virtue of the fact that they conform to CPLR 4518 and that they constitute prima facie evidence of the information contained therein is contrary to statutes and case law.
The clear language in Family Court Act §§ 360.2 and 311.2 (3) requires that nonhearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged against the respondent’s commission thereof. In a petition for a violation, the petition must be verified and subscribed by the probation service or the appropriate presentment agency. (Family Ct Act § 360.2 [2].) A petition shall be verified in accordance with the CPLR and shall conform to the provisions of Family Court Act § 311.2. (Family Ct Act § 311.1 [4].) CPLR 3020 (a) defines verification as a state *308 ment under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true.
The Court of Appeals in Matter of Neftali D. (supra at 636) has addressed the issue of verification of supporting depositions accompanying juvenile delinquency petitions and has held that
“[a] verification attesting to the truth of the contents of a document on penalty of perjury is of the same effect as a testimonial oath, which at once alerts a witness to the moral duty to testify truthfully and establishes a legal basis for a perjury prosecution . . . This verification procedure is intended to assure a measure of reliability regarding the contents of the petition.”
Likewise, the Court in Matter of Rodney J. (83 NY2d 503, 507 [1994]) has applied a stringent test when construing challenges to the facial sufficiency of a juvenile delinquency petition. The Court determined that a certified but unverified ballistic’s report annexed to the petition was insufficient because the person who certified it did not attest to any personal knowledge which would have established the nonhearsay nature of the document. (See Matter of Todd Z., 295 AD2d 652 [3d Dept 2002] [where respondent had violated probation by allegedly threatening an educational assistant at his school, the Court found that the factual portion of the petition was directly supported by the attached statement of the assistant who verified the truth of the affidavit’s contents under penalty of perjury]; Matter of Steven DD., 243 AD2d 890 [3d Dept 1997] [where the Court held that the petition fails to comply with the mandate of Family Court Act § 360.2 because there was no supporting deposition or affidavit from either the appropriate school attendance official or the mental health counselor attached to the petition].)
Likewise, contrary to the presentment agency’s reasoning, the court does not find that the facts in Markim Q. are clearly distinguishable from the facts of this case. In Markim Q. (22 AD3d at 500),
“[t]he exhibit submitted in support of the allegation in the petition alleging that the [respondent] was truant from school consisted of a printout from the New York City Public Schools of the [respondent’s] individual student attendance report for the 2003-2004 school year, a ‘Delegation of Authority’ form delegating to the school’s records secretary the authority to certify school records, and a certifica *309 tion form signed by the records secretary. The certification form required the certifier to check a box to describe which of the [respondent’s] records was being certified, i.e., an incident report, an attendance record, or a cut record, for the 2003 school year. None was checked. The form also stated, in pertinent part, that ‘this record was made in the regular course of business and it was the regular course of business to make such records [sic] at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.’ ”
The Court went on to say (at 500),
“[assuming that this certification was sufficient to satisfy the business record exception set forth in CPLR 4518, Matter of Neftali D. (supra), requires that these nonhearsay allegations be verified or attested to by an individual with knowledge of the facts. Because the charge . . . was not supported by sworn nonhearsay allegations, the petition was facially insufficient.” (See also, Matter of Darrell CC., 299 AD2d 757 [3d Dept 2002]; Matter of Nicholas RR., 290 AD2d 680 [3d Dept 2002] [where the appellate courts have held that the formal requirements of Family Court Act § 360.2 including a verified petition incorporating nonhearsay allegations must be strictly complied with].)
“ [Sufficiency requirements set forth in Family Court Act [§ ]§ 311.2 [and 360.1] are not simply technical pleading requirements but are designed to ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived of liberty based on the petition.” (Matter of Neftali D., supra at 634-635.)
Moreover, in this case, a close examination of the certified records does not reveal any specific language identifying the annexed documents as respondent’s school attendance records. The language used by the guidance counselor states, “I hereby certify that the record attached is a full and complete record of the condition, act, transaction, occurrence or event of this institution concerning the Respondent.” It does not mention an attendance record or a cumulative cut list. However, even if the certification and delegation state with specificity that the record annexed is a school attendance record, nevertheless, according to the Second Department’s ruling in Matter of Markim Q. (supra) the record is not verified or attested to by an individual *310 with knowledge of the facts. The guidance counselor did not attest to her personal knowledge of respondent’s school attendance. All that is attached is a one-page photocopy of a computerized printout from respondent’s school with no further information as to who provided the information or as to the accuracy and reliability of said information. The verification attesting to the truth of the contents is lacking.
The court finds that in the absence of a relevant decision from the First Department, the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule. (People v Shakur, 215 AD2d 184 [1st Dept 1995]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984]; Matter of Cuthbert S. v Linda S., 161 Misc 2d 372 [Fam Ct 1994].) Therefore, the court is compelled to follow the recent holding of the Second Department which outlines the jurisdictional requirements for the fifing of the violation of probation petition. The court has reexamined the underpinnings of the violation of probation petition and finds, in the furtherance of justice, that the charge in the petition that respondent failed to attend school regularly was not supported by sworn nonhearsay allegations pursuant to Family Court Act § 360.2 (2) rendering the petition jurisdiction-ally defective and compelling its dismissal.
Respondent’s contention that since the original probation order was scheduled to expire on June 9, 2005, and since dismissal of the truancy charge will result in respondent being credited with the time the violation of probation petition has been pending, the court has lost jurisdiction is without merit. Family Court Act § 360.2 (4) provides:
“[I]f a petition is filed under subdivision one, the period of probation as prescribed by section 353.2 shall be interrupted as of the date of the fifing of the petition. Such interruption shall continue until a final determination as to the petition has been made by the court pursuant to a hearing held in accordance with section 360.3.”
In effect, this section provides for the “tolling” of the probationary period when a violation petition has been filed and precludes the termination of the probationary period during the pendency of the petition. (Besharov and Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 360.3, at 521.) Since the fifing of the violation petition was on March 24, 2005, the probationary period was tolled effective said date.
*311 Based on the foregoing, respondent’s motion is granted. Since the matter is already adjourned to January 23, 2006, in the interest of justice, this order is stayed until said date in order to determine to whom to release the respondent and to afford the presentment agency the opportunity to seek appellate review.
The Office of Children and Family Services is to be notified to produce the respondent for further proceedings on January 23, 2006.