OPINION OF THE COURT
Hancock, Jr., J.
At issue on this appeal is whether a juvenile delinquency petition that is legally insufficient because it fails to contain nonhearsay factual allegations establishing every element of the crime charged can be amended with a supplemental supporting deposition to cure the defect. We conclude that such a deficiency in the juvenile delinquency petition cannot be rectified by subsequent amendment. There should, accordingly, be a reversal.
I
On January 30, 1989, the presentment agency filed a juvenile delinquency petition against respondent Detrece H. alleging that she committed acts, which, if committed by an adult, would constitute, among other crimes,* third degree burglary. With respect to that charge, the petition stated that on December 17, 1988, respondent knowingly entered and remained unlawfully in a building under the control of Anthony *109 Hidalgo with the intent to commit a crime therein. The only supporting deposition filed with the petition was one by Hidalgo in which he stated that he was the person in control of the Kingsley Store at 388 East Fordham Road on the date in question, and that he had not given permission to respondent to be in or about the premises.
Respondent moved to dismiss because the petition failed to contain nonhearsay factual allegations which tended to support each and every element of the crimes charged as Family Court Act § 311.2 requires. In response, the presentment agency moved to amend the petition, seeking to add a supporting deposition by Police Officer Dennis Suarez stating that on December 17, 1988 he had observed respondent "in [the store] in possession of one hammer”, that throughout the store, "there were big plastic garbage bags full of clothing” and that respondent said to him "we used the hammer”.
Family Court granted the motion to amend the petition, and denied respondent’s motion to dismiss, concluding that the petition, as amended, contained the requisite nonhearsay factual allegations. After a fact-finding hearing, Family Court found that respondent had committed acts which would constitute third degree burglary and third degree criminal trespass.
The Appellate Division modified by dismissing the third degree criminal trespass charge and, as modified, affirmed. It reasoned that third degree criminal trespass is a lesser included offense to third degree burglary, and that the amendment to the petition was proper because the Suarez supporting deposition merely restated in nonhearsay form the hearsay allegations contained in the petition and the first supporting deposition. We granted leave.
II
A juvenile delinquency petition must contain "non-hearsay allegations * * * establishing] * * * every element of each crime charged and the respondent’s commission thereof’ (Family Ct Act § 311.2 [3]). Any petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective (see, Family Ct Act § 311.2; Matter of David T., 75 NY2d 927). Here, the supporting deposition filed with the petition established only that respondent did not have permission to be in the store on the night in question. The allegation that respondent was actually in the store was hearsay. Thus, as initially filed, the petition was legally insuf *110 ficient because it failed to contain the requisite nonhearsay factual allegations; such failure constituted a nonwaivable jurisdictional defect (see, Family Ct Act § 311.2 [3]; Matter of David T., supra, at 929). The issue presented is whether the petition may be amended to cure this deficiency. Respondent contends that Family Court Act § 311.5 precludes amendment to the petition for such purpose. We agree.
Section 311.5 (1) authorizes amendment to the petition at any time before or during the fact-finding hearing. However, section 311.5 (2) (b) states "[a] petition may not be amended for the purpose of curing * * * [the] legal insufficiency of the factual allegations” (emphasis added). Here, the petition’s factual allegations were legally insufficient because they were not in the required nonhearsay form. Therefore, if section 311.5 (2) (b) is given what appears to be its intended meaning, the petition may not be amended. Any other result would not only be at variance with the plain wording of section 311.5 (2) (b), but would deprive that provision of any practical effect (see, Ferres v City of New Rochelle, 68 NY2d 446, 452; McKinney’s Cons Laws of NY, Book 1, Statutes § 144, at 291 [statutes will not be construed as to render them ineffective]).
We find no merit in the presentment agency’s contention that the Family Court Act should be construed to permit an amendment of the petition to include the required nonhearsay allegations so as to give the presentment agency the greater flexibility and the wider range of options for commencing a criminal action available to the prosecution under CPL 100.50, 100.15 (3) and 170.65. The Family Court Act contains no provisions analogous to CPL 100.50, 100.15 (3) and 170.65, and there is no basis for reading such provisions into the act.
As we have only recently noted in another context, the Criminal Procedure Law and the Family Court Act have " Very different language, history and purposes’ ” (Matter of Randy K., 77 NY2d 398, 405, quoting Matter of Frank C., 70 NY2d 408, 412). The Criminal Procedure Law offers the option of a two-step process for prosecuting misdemeanors: (1) the initial filing of a misdemeanor complaint and (2) the subsequent conversion of that instrument into an information (see, CPL 100.15 [3]; 170.65). In contrast, the Family Court Act provides for a one-step process in which the petition is the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding (see, Family Ct Act *111 § 310.1). Further, in Family Court practice there is no equivalent to the superseding information available in criminal actions (CPL 100.50). Rather, the presentment agency’s recourse for minor errors in the petition is an amendment pursuant to Family Court Act § 311.5; for major deficiencies of the type in question its recourse is to file a new petition (see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.5, at 347). CPL 100.15 (3) and 100.50 were not intended to apply to juvenile proceedings, and any effort to incorporate these provisions into the Family Court Act "would amount to nothing less than an impermissible judicial rewriting of the statute.” (Matter of Randy K., 77 NY2d 398, 404, supra.)
Nor are we persuaded by the presentment agency’s argument that disallowance of the amendment of the petition under the circumstances here would introduce a "technical” requirement into juvenile proceedings that would undermine the Family Court Act’s goal of providing a quick response to children in need of supervision, treatment, or confinement. Juvenile delinquency proceedings serve at least two distinct functions: (1) to determine in accordance with due process whether a person is a juvenile delinquent and (2) to provide for the rehabilitation of a person adjudicated a juvenile delinquent through consideration of that person’s needs and interests (see, Family Ct Act § 301.1; Matter of Randy K., 77 NY2d 398, 402, supra; see also, Sobie, Practice Commentary, McKinney’s Cons Law of NY, Book 29A, Family Ct Act § 301.1, at 263-267). Far from being "technical” requirements unrelated to the underlying purposes of juvenile proceedings, sections 311.2 and 311.5 (2) (b) provide substantive protections for the individual accused of juvenile delinquency, and thus further the goal of determining whether an individual is a juvenile delinquent without compromising that individual’s rights. The presentment agency’s argument runs counter to this goal because it would dilute the accused’s statutory protections.
Accordingly, the order of the Appellate Division should be reversed, without costs, and respondent’s motion to dismiss the proceeding granted.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

 In addition to burglary third, respondent was charged with third degree and fourth degree criminal mischief, fifth degree criminal possession of stolen property, and third degree criminal trespass.