■ In the Matter of Luis M., a Person Alleged to be a Juvenile Delinquent, Appellant. [595 NYS2d 43] —Order of the Family Court, Bronx County (Susan R. Larabee, J.), entered September 20, 1991, which adjudged that respondent committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the fourth degree and unlawful possession of a weapon by a person under the age of sixteen, and placed respondent on probation for twelve months, unanimously affirmed, without costs.

A gun was discovered in respondent's bedroom closet by his mother, who removed it from the closet, placed it in her bedroom and telephoned the police. A police officer subsequently arrived on the scene, recovered the gun, and vouchered it for identification purposes.

On July 12, 1991, the presentment agency filed a juvenile delinquency petition, alleging that respondent criminally possessed a weapon and unlawfully possessed a weapon as a person under the age of sixteen. One element of the crimes charged is that the subject weapon be operational. On that same date, the law guardian moved to dismiss the petition as jurisdictionally defective on the ground that it was filed without an accompanying ballistics report. The Assistant Corporation Counsel informed the court, during the initial hearing, that the "[ballistics report] was not the *[sic]* attached and sent upstairs," but "I came over here with the baulisitcs *[sic]* report as soon as I noticed it, and in fact, gave it to the clerk of the court a long time ago". The court thereupon denied the law guardian's motion.

Family Court Act § 320.4 (1) provides: "At the initial appearance the court must inform the respondent, or cause him to be informed in its presence, of the charge or charges contained in the petition, and the presentment agency must cause the respondent and his counsel or law guardian to be furnished with a copy of the petition." This case is distinguishable from *Matter of Jahron S.* (79 NY2d 632) and *Matter of Detrece H.* (78 NY2d 107), relied upon by respondent. In the matter at bar, the petition, including the ballistics report, was filed with the court prior to the initial appearance by respon-

dent. Therefore, the petition was not legally insufficient because it correctly set forth nonhearsay allegations that, if true, were competent to establish that respondent constructively possessed the gun and that the weapon was operable (Family Ct Act § 311.2 [3]). The proscription against the amendment of the petition is not implicated (Family Ct Act § 311.5 [2]; *Matter of Detrece H., supra,* at 110-111). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.