*633
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue presented in this juvenile delinquency proceeding is whether a certified, but unverified, police report satisfies the jurisdictional dictates of Family Court Act § 311.2. We conclude that the petition is legally insufficient, mandating a reversal.
 

 A juvenile delinquency petition was filed against appellant charging that on February 6, 1993 he committed acts, which if committed by an adult, would constitute the crimes of assault in the second degree (Penal Law § 120.05 [3]), assault in the third degree (Penal Law § 120.00 [1]) and resisting arrest (Penal Law § 205.30). The police report annexed to the petition relates that the juvenile verbally assaulted two police officers as they were exiting the building in which they had just responded to a report of a burglary. Although the officers proceeded past the juvenile, he continued to taunt them, prompting the officers to order him to cease such behavior. The juvenile responded by challenging the officers to a fight, flailing his arms at them. A scuffle ensued, resulting in the juvenile’s arrest. Both officers were treated for injuries sustained while attempting to subdue the juvenile.
 

 After entering his denials at the initial appearance on February 10, 1993, the juvenile was released into the custody of his mother, pending a fact-finding hearing. Prior to the hearing but 34 days after the initial filing of the petition, the juvenile moved to dismiss alleging that the petition was jurisdictionally defective because it did not contain any non-hearsay supporting depositions as required by the Family Court Act and was erroneously dated the previous year, before the alleged incident even occurred. The relevant supporting document annexed to the petition was the police report that contained the signature of the reporting officer and the signature of another individual, apparently a police sergeant, who signed in a box marked "certified by.”
 

 
 *634
 
 Family Court denied the motion, finding the supporting deposition, i.e., the police report, sufficient and in compliance with CPL 100.30 (1) (b). The court indicated it looked to CPL 100.30 (1) (b) for interpretive assistance in construing Family Court Act §§311.2 and 311.3, even though neither of these provisions specifically references the CPL.
 
 (See,
 
 Family Ct Act § 303.1 [1].) Family Court further held that the incorrect date recited on the face of the petition was an insignificant, nonprejudicial error capable of correction by amendment, which it directed to reflect the proper date, and that the juvenile waived any objection to this defect by failing to timely file his motion.
 

 Subsequent to a fact-finding hearing at which the two police officers testified, Family Court adjudged the juvenile a delinquent and placed him with the Division for Youth for 18 months. Family Court stated that the juvenile exhibited "an escalating pattern of dangerous delinquent behavior, marked by multiple arrests for a variety of crimes which, if committed by an adult, would constitute these crimes together with a [drug] problem.”
 

 In a unanimous decision, the Appellate Division affirmed, ruling that the petition was sufficient on its face and properly supported by the nonhearsay allegations in the police report, signed by the officer-victim and certified by a police sergeant
 
 (see, Matter of Neftali D.,
 
 204 AD2d 319). The Appellate Division noted that at the time the motion to dismiss was made, the fact-finding stage of the proceeding had commenced and "there was no longer a pressing need for an accusatory instrument that complied with Family Court Act § 311.2 (3)
 
 (see, Matter of Edward B.,
 
 80 NY2d 458, 464;
 
 Matter of David T.,
 
 75 NY2d 927, 929)”
 
 (id.,
 
 at 319). We granted leave, and now reverse the order of the Appellate Division and dismiss the petition. Compliance with the dictates of Family Court Act § 311.2 (3) is a formal prerequisite to a juvenile delinquency proceeding in the first instance and a condition precedent to a fact-finding hearing. Therefore, the unsworn police report attached to the instant petition was legally insufficient, depriving the court of a jurisdictional predicate to entertain the proceeding.
 

 The sufficiency requirements set forth in Family Court Act § 311.2 are not simply technical pleading requirements but are designed to ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived
 
 *635
 
 of liberty based on the petition. Like a criminal information, the juvenile delinquency petition is the sole instrument for the commencement, prosecution and adjudication of the juvenile delinquency proceeding and, therefore, must comport with the statutory jurisdictional requisites of the Family Court Act
 
 (see, Matter of Jahron S.,
 
 79 NY2d 632, 636;
 
 Matter of Detrece H.,
 
 78 NY2d 107, 110).
 

 Family Court Act § 311.2 measures the sufficiency of a petition by the sum of its two parts: the verified petition
 
 (see,
 
 Family Ct Act § 311.1;
 
 Matter of Jahron S.,
 
 79 NY2d, at 636,
 
 supra;
 
 CPLR 3020, 3021) and any supporting depositions filed with the petition. We now determine that the nonhearsay allegations contained in the supporting depositions of the petition must be sworn to satisfy the facial sufficiency requirements of the Family Court Act.
 

 Family Court Act § 303.1 (2) contemplates reference to judicial interpretations of relevant provisions of the criminal procedure law where "such interpretations may assist the court in interpreting similar provisions of [the Family Court Act].” In
 
 Matter of Jahron S.,
 
 we construed the sufficiency of a petition that did not contain a laboratory report identifying the controlled substance the juvenile was charged with criminally possessing, with reference to the parallel CPL provision even though there was no specific statutory direction to do so
 
 (see, Matter of Jahron S.,
 
 79 NY2d, at 638,
 
 supra; see also,
 
 Family Ct Act § 303.1 [1]). There, we determined that CPL 100.20, which defines and identifies the form and content of supporting depositions filed with a criminal information, simplified information, misdemeanor complaint or felony complaint, was instructive for evaluating the substance of a Family Court petition because the supporting deposition serves the same function — supplementing the factual allegations of the petition — in both proceedings
 
 (see, Matter of Jahron S.,
 
 79 NY2d, at 638,
 
 supra).
 

 In this case, we find CPL 100.30 (1) (b) instructive with regard to verification of supporting depositions accompanying juvenile delinquency petitions. In pertinent part, CPL 100.30 (1) (b) provides that a supporting deposition may properly be verified when it is "sworn to before a desk officer in charge at a police station or police headquarters or any of his superior officers”
 
 (see also,
 
 CPL 100.15 [specifying verification requirements for certain accusatory instruments]). A verification attesting to the truth of the contents of a document on
 
 *636
 
 penalty of perjury is of the same effect as a testimonial oath, which at once alerts a witness to the moral duty to testify truthfully and establishes a legal basis for a perjury prosecution
 
 (see, People v Parks,
 
 41 NY2d 36, 45;
 
 Matter of Brown v Ristich,
 
 36 NY2d 183, 189). This verification procedure is intended to assure a measure of reliability regarding the contents of the petition.
 

 A sworn recital that the factual allegations are accurate is particularly significant in the context of a delinquency petition not only because it is the sole accusatory instrument used to prosecute the juvenile but, also because there is no independent prior review of the evidence by a Grand Jury-like body
 
 (see, Matter of Edward B.,
 
 80 NY2d 458, 464-465;
 
 People v Alejandro,
 
 70 NY2d 133, 137-138). In this regard, we have applied a stringent test when construing challenges to the facial sufficiency of a juvenile delinquency petition to assure that there is a valid and documented basis for subjecting the juvenile to prosecution
 
 (see, Matter of Rodney J.,
 
 83 NY2d 503;
 
 Matter of Edward B.,
 
 80 NY2d 458,
 
 supra; Matter of Jahron S.,
 
 79 NY2d 632,
 
 supra; Matter of Detrece H.,
 
 78 NY2d 107,
 
 supra; Matter of David T.,
 
 75 NY2d 927).
 

 Here, the certification signature contained in the police report filed in support of the petition bears none of the attributes of a duly sworn testament
 
 (see, Matter of Rodney J.,
 
 83 NY2d, at 507,
 
 supra).
 
 Indeed, not even the title or authority of the individual who certified the report is provided next to the signature, which itself is illegible. In
 
 Matter of Rodney J.,
 
 we determined that the delinquency petition and its supporting documents were jurisdictionally defective because they failed to contain a nonhearsay allegation of one of the elements of the crime charged against the juvenile. There, the certified but unverified ballistics report annexed to the delinquency petition was insufficient because the person who certified it did not attest to any personal knowledge which would have established the nonhearsay nature of the document. Similarly, the facial insufficiency of the instant police report, which was intended to comprise the nonhearsay allegations of a supporting deposition that is required to be verified, renders the petition jurisdictionally defective, subjecting it to dismissal
 
 (see, Matter of Detrece H.,
 
 78 NY2d, at 109-110,
 
 supra; Matter of David T.,
 
 75 NY2d, at 929,
 
 supra).
 

 That this proceeding was about to enter the fact-finding stage at the time appellant moved to dismiss is not an impedí
 
 *637
 
 ment to dismissal since a viable, facially sufficient petition is a predicate to the court’s jurisdiction. The failure to comply with the statutory sufficiency requirements is a nonwaivable jurisdictional defect that can be raised at any stage of the proceeding.
 

 We have considered appellant’s remaining contention and find it devoid of merit.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, appellant’s motion to dismiss granted and the petition dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order reversed, etc.