■ ·In the Matter of CHARLES BB., a Person Alleged to be a Juvenile Delinquent, Appellant. FRANCIS MURRAY, as Ulster County Attorney, Respondent. [716 NYS2d 165] —Mercure, J. P. Appeal from an order of the Family Court of Ulster County (Czajka, J.), entered December 6, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

As a threshold matter, we reject petitioner's contention that the appeal is untimely. Respondent's appeal is from the order of fact finding and disposition entered on December 6, 1999, and not the November 23, 1999 order of detention relied upon by petitioner. The record reflects that the appeal was taken within 35 days following the mailing of the order of fact finding and disposition to respondent and the Law Guardian on December 6, 1999, as required by Family Court Act § 1113.

On the merits, we are persuaded by respondent's contention that the petition was jurisdictionally defective, mandating dismissal of the petition. Family Court Act § 311.2 requires that

"the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged" (Family Ct Act § 311.2 [2]) and also that "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]).

Here, the petition alleges on information and belief that on June 15, 1999, respondent participated in the theft of merchandise from a Grand Union supermarket in Ulster County, an act which, if committed by an adult, would constitute the crime of petit larceny, and further that the presentment agency's information and grounds of belief are "the statements and depositions of [ ] witnesses now on file with [Family Court]. Police investigation, Joseph Paese." Apparently submitted with the petition were an appearance ticket, an unsigned probation intake unit form, an unsigned police department complaint report, a police juvenile referral form, signed by a police officer and setting forth a narrative of the underlying incident, and, finally, a deposition of witnesses form signed by Paese, who was the store manager, which gave no indication that Paese had first-hand knowledge of the facts alleged and contained no form of oath, verification or any language alerting him to the moral duty to testify truthfully or establishing a legal basis for a perjury prosecution.

In our view, none of the documents submitted with the petition satisfied the requirements of Family Court Act § 311.2 that the petition and supporting documentation make out a prima facie case (*see, Matter of Jahron S.*, 79 NY2d 632, 639) and that the nonhearsay allegations be sworn to (*see, Matter of Neftali D.*, 85 NY2d 631, 635-636). Notably, such a facial insufficiency of the petition constitutes "a nonwaivable jurisdictional defect that can be raised at any stage of the proceeding" (*id.*, at 637), requiring that we dismiss the petition even though respondent raised no objection in Family Court (*see, id.*, at 636). Under the circumstances, we need not consider respondent's remaining contentions.

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.