■ In the Matter of LIONEL O., a Person Alleged to be a Juvenile Delinquent, Appellant. ULSTER COUNTY ATTORNEY'S OFFICE, Respondent. [732 NYS2d 720] —Lahtinen, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered May 22, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was charged in a juvenile delinquency petition with committing an act which, if committed by an adult, would constitute the crime of obstructing governmental administration in the second degree (Penal Law § 195.05). The charge stemmed from an incident on December 5, 1999 in the Village of Ellenville, Ulster County, when respondent allegedly attempted to physically come between Police Officer Jeffrey Van Asselt and a person that Van Asselt was attempting to arrest, directed obscene language at Van Asselt and refused to leave the scene when instructed to do so. Respondent moved to dismiss the petition on the ground that it was defective (*see,* Family Ct Act § 311.2). Family Court denied the motion, finding that the petition was "accompanied by sufficient nonhearsay information to support the charge of obstructing governmental administration in the second degree."

Following a fact-finding hearing, Family Court found that respondent committed acts which constituted the crime charged and adjudicated respondent a juvenile delinquent. Respondent was sentenced to a conditional discharge for a period concurrent with the term of a previously imposed order of supervision on an unrelated matter. Respondent appeals arguing that Family Court erred in not dismissing the petition for insufficiency as a matter of law and that the juvenile delinquency finding was against the weight of the evidence.

A challenge by a respondent to the facial sufficiency of a juvenile delinquency petition requires application of a stringent

test "to assure that there is a valid and documented basis for subjecting the juvenile to prosecution" (*Matter of Neftali D.*, 85 NY2d 631, 636; *see, Matter of Kyle L.*, 268 AD2d 836, 837). Family Court Act § 311.2 requires that "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that respondent committed the crime or crimes charged" (Family Ct Act § 311.2 [2]) and also that "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). "[T]he nonhearsay allegations contained in the supporting depositions of the petition must be sworn to satisfy the facial sufficiency requirements of the Family Court Act" (*Matter of Neftali D., supra*, at 635).

Here, respondent's criminal acts set forth in the petition are alleged upon information and belief by an Assistant County Attorney. The petition was accompanied by numerous unsworn supporting documents including, *inter alia*, an arrest report, an incident report and a narrative police report all completed by Van Asselt. None of the supporting documents were sworn to as is required in such instances (*see, id.*, at 634) nor did they comply with the requirements of CPL 100.30 (1) (d) (*see, Matter of Dominic CC.*, 222 AD2d 999, *lv denied* 88 NY2d 802; *Matter of Kurt EE.*, 199 AD2d 945).

Since the petition was facially insufficient and "failure to comply with the statutory sufficiency requirements is a nonwaivable jurisdictional defect" (*Matter of Neftali, supra*, at 637), Family Court erred by not granting respondent's motion seeking dismissal of the petition and we are constrained to now do so. Our dismissal of the petition for facial insufficiency renders respondent's remaining argument academic.

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion to dismiss granted and petition dismissed.