■ In the Matter of BOBBY JO F., Appellant. GENESEE COUNTY ATTORNEY, Respondent. [770 NYS2d 522]—

Appeal from an order of Family Court, Genesee County (Adams, J.), entered February 20, 2003, which adjudged that respondent is a juvenile delinquent and placed respondent in the custody of the Commissioner of Social Services of Genesee County for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him a juvenile delinquent upon a finding that he committed an act that, if committed by an adult, would constitute the crime of forcible touching (Penal Law § 130.52). We reject his contention that the petition is facially deficient because the supporting depositions are not attached to it. "Family Court Act § 311.2 measures the sufficiency of a petition by the sum of its two parts: the verified petition . . . and any supporting depositions filed [, as here,] with the petition" (*Matter of Neftali D.*, 85 NY2d 631, 635 [1995]; *see Matter of Charles BB.*, 277 AD2d 756 [2000]).

Respondent also contends that the petition is facially deficient because it fails to allege lack of consent as an element of the offense (*see* Penal Law § 130.05). We disagree. The complainant's statement, affirmed under penalty of perjury and on file with Family Court, alleges that the complainant is 16 years old, and thus she is deemed incapable of consent (*see* § 130.05 [3] [a]). We further reject respondent's contention that the petition is facially deficient because it fails to allege with sufficient specificity when the alleged forcible touching occurred. Because the petition as amplified by the bill of particulars charges acts allegedly committed during a designated time period, it conforms to the requirements of Family Ct Act § 311.1 (3) (g) and thus is facially sufficient (*see People v Morris*, 61 NY2d 290, 294 [1984]).

Finally, we conclude that the evidence of lack of consent is legally sufficient (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Petitioner established at the fact-finding hearing that the complainant is less than 17 years old (*see* Penal Law § 130.05 [2] [b]; [3] [a]). Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.