■ In the Matter of SHANE B., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. [772 NYS2d 133]—

Rose, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered May 13, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

The petition in this juvenile delinquency proceeding alleges that on June 20, 2002, while in the company of two other young males on the shoulder of a state roadway, respondent threw an object at a passing garbage truck and shattered one pane of its windshield, an act which if committed by an adult would constitute the crime of criminal mischief in the fourth degree. After a hearing at which respondent admitted the allegations, Family Court granted the petition and placed him in the custody of the Franklin County Department of Social Services for a period of 12 months. Respondent appeals, arguing that the petition is facially defective because it contains no nonhearsay factual allegation identifying him as the individual who broke the windshield.

A juvenile delinquency petition that fails to contain "non-hearsay allegations . . . establish[ing] . . . every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]) is "both legally insufficient and jurisdictionally defective" (*Matter of Detrece H.*, 78 NY2d 107, 109 [1991]). In addition, the Court of Appeals has instructed that such petitions should be evaluated stringently " 'to assure . . . a valid and documented basis for subjecting the juvenile to prosecution' " (*Matter of Angel A.*, 92 NY2d 430, 433 [1998], quoting *Matter of Neftali D.*, 85 NY2d 631, 636 [1995]; *see Matter of Lionel O.*, 288 AD2d 705, 705-706 [2001]). Since facial insufficiency is a nonwaiveable jurisdictional defect (*see Matter of Neftali D., supra* at 637), respondent's objection to the petition can be raised for the first time on appeal, despite his failure to move for dismissal on that ground in Family Court (*see Matter of Charles BB.*, 277 AD2d 756, 757 [2000]; *Matter of Michael C.*, 238 AD2d 680, 682 [1997]). Because a facially sufficient petition is a jurisdictional prerequisite to the adjudication rendered here, respondent's admissions do not preclude his challenge (*see Matter of Michael C., supra* at 682).

Although the petition here alleges the elements of the offense charged, its identification of respondent as the perpetrator is insufficient because petitioner had no personal knowledge of the

incident. The petition was accompanied by a report prepared by the state trooper who investigated the incident, and by the supporting deposition of the driver of the garbage truck. The trooper's statement that respondent threw an object which shattered the truck's windshield, however, is clearly hearsay since the trooper was not present when the incident occurred. The driver's supporting deposition also fails to identify respondent. It describes the person who threw the object at his truck only as a young male who was walking along the roadway, as distinguished from two other young males who were riding bicycles. There is no nonhearsay statement identifying respondent. Thus, the petition is insufficient and subject to dismissal.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.