OPINION OF THE COURT
Sidney Gribetz, J.
Respondent now moves to dismiss the petition for facial insufficiency in this juvenile delinquency case which was filed and commenced in Westchester County, and wherein the fact-finding proceedings had taken place before a Family Court Judge of that County, and the matter thereafter transferred to this court in Bronx County for disposition. Since this motion goes to the underlying factual issues of the case and is not related to dispositional concerns, I grant the presentment agency’s application to transfer the case back to Westchester County for consideration of the motion.
Procedural History
The respondent was arrested in Westchester County on October 17, 2013 for an incident that took place in White Plains. The following day, a “pre-petition hearing” pursuant to Family Court Act § 307.4 was conducted before Judge David Zuckerman in Family Court in Westchester County. Judge Zuckerman granted the application and remanded the respondent. On October 21, 2013, a juvenile delinquency petition charging the respondent with gang assault in the second degree, and numerous lesser charges, was filed in Family Court, Westchester County. The initial appearance was conducted by Judge Zuckerman in Westchester County on that date. Thereafter, on November 4, 2013, the fact-finding was conducted by Judge Zuckerman in Westchester County, and upon the respondent’s admission, he was found to have committed an act which if committed by an adult would constitute the crime of assault in the second degree, count five of the petition. As the respondent resides in the Bronx, Judge Zuckerman then ordered a change of venue, transferring the case to Bronx County for purposes of disposition, pursuant to Family Court Act § 302.3 (4).
Upon the transfer of the case, new counsel was assigned, to wit the New York City Corporation Counsel for the petitioner, *876 and a member of the Bronx County 18-B Panel as attorney for the child. The dispositional hearing commenced before me in Bronx County on December 20, 2013. On the second adjourn date (Jan. 27, 2014), after the entry of standard reports into evidence, defense counsel made an oral application to dismiss the petition for facial insufficiency. I directed that such an application be made by a formal motion on written papers, and the instant motion was filed.
The Motion
Respondent’s motion raises several different points regarding both the form and substance of the petition’s supporting depositions, and for those various reasons attacks the facial sufficiency of the petition pursuant to Family Court Act §§ 311.1 and 311.2. In opposition, after simply stating, without addressing any of its details, that it opposes the motion, the petitioner in its papers requests that the case be transferred back to Westchester County for consideration of the motion to dismiss.
Discussion
While at first blush it may appear belated and dilatory to make such a motion at this juncture, the sufficiency requirements of a juvenile delinquency petition are of a non-waivable jurisdictional nature and may be raised at any time. (See e.g. Matter of Neftali D., 85 NY2d 631 [1995].) Moreover, the motion was made relatively shortly after the new Bronx counsel was assigned, and counsel cannot be faulted for bringing the motion only after first directing his attention to the dispositional issues at hand.
As the basis for requesting that the case be transferred back to Westchester County for consideration of the motion to dismiss for facial insufficiency, the presentment agency asserts that the judge who presides over the fact-finding should preside over a motion to dismiss for facial insufficiency. The fact-finding order is necessarily premised upon the allegations of the petition. Therefore, it argues, a challenge to the facial insufficiency is a challenge to the authority of the court that made the fact-finding determination. Accordingly, if a Bronx County Family Court Judge were to rule on the motion to dismiss, it would in effect be ruling on a decision made by a Westchester County Family Court Judge, which they term a “peer court.”
This argument makes sense since “[a] court of coordinate jurisdiction has no authority to rule on a matter already *877 reviewed by another Judge of equal authority.” (Cf. Belcher Co. of N.Y. v City of New York, 157 AD2d 585, 586 [1990]; see also Kleinberg v American Mayflower Life Ins. Co. of N.Y., 106 AD2d 268 [1984]; Mount Sinai Hosp. v Davis, 8 AD2d 361 [1959].) Consequently, I am not in a position to review a determination made by Judge Zuckerman, a fellow Family Court Judge.
The transfer back to the original county of fact-finding makes sense for an additional reason as well. General principles of venue for criminal proceedings, and quasi-criminal proceedings such as a juvenile delinquency action, strictly require such cases to be heard in the county where the actions transpired. (Family Ct Act § 302.3 [1]; see also e.g. CPL 20.20.) The provision of the Family Court Act that provides for transfer of a proceeding to the county where the respondent resides for dispositional purposes (Family Ct Act § 302.3 [4]) is a unique and limited provision, specially tailored to the consideration that a youth should be closer to home where it would be more convenient to enlist the auxiliary therapeutic services, as the “needs and best interests of the respondent” is a specific dispositional consideration.*
Accordingly, since the purpose of the transfer of venue statute (§ 302.3 [4]) is dispositional in nature, while the motion addressing the facial sufficiency of the pleadings is jurisdictional and factual in nature, such a motion should be more appropriately considered by the original county, and the presentment agency’s application to transfer the case back to Westchester County is granted.

 For the same reason, however, the Family Court Act also provides for judicial continuity, requiring, except in specified circumstances, that the judge who conducts the fact-finding hearing, and who presumably is familiar with the youth, also preside at the dispositional hearing. (Family Ct Act § 340.2.) Therefore the venue provisions of section 302.3 specifically reference section 340.2, to discourage, though not preclude, transfers between adjacent counties. (See Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 302.3.)