In the Matter of JAYQUAN VV., a Person Alleged to be a Juvenile Delinquent, Appellant. KELLY CRAMER, as Deputy Rensselaer County Attorney, Respondent. [999 NYS2d 278]—

Devine, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered February 25, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In a juvenile delinquency petition filed by petitioner, respondent was charged with acts which, if committed by an adult, would constitute the crimes of robbery in the second degree and petit larceny. After respondent admitted to committing the charged acts, Family Court granted the petition and placed respondent in petitioner's custody for a 12-month period. Respondent now appeals.

Respondent's sole contention on appeal is that the petition is jurisdictionally defective requiring this Court to dismiss it. We agree. A juvenile delinquency petition must contain "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof" (Family Ct Act § 311.1 [3] [h]; *see Matter of Antwaine T.*, 23 NY3d 512, 515 [2014]; *Matter of Rodney J.*, 83 NY2d 503, 506 [1994]; *Matter of Joshua VV.*, 68 AD3d 1172, 1173 [2009]). "A juvenile delinquency petition that fails to contain non-

hearsay allegations . . . establish[ing] . . . every element of each crime charged and the respondent's commission thereof is both legally insufficient and jurisdictionally defective" (*Matter of Shane B.*, 4 AD3d 650, 651 [2004] [internal quotation marks and citations omitted]; *see Matter of Neftali D.*, 85 NY2d 631, 636 [1995]; *Matter of Detrece H.*, 78 NY2d 107, 109-110 [1991]). Finally, notwithstanding respondent's admission to the charged acts in Family Court and his failure to seek the dismissal of the petition, his assertion that the petition is facially insufficient can be considered for the first time on appeal as such claim regards a nonwaiveable jurisdictional defect (*see Matter of Markim Q.*, 7 NY3d 405, 409 [2006]).

The petition alleges that respondent, while assisted by two other males, forcibly stole two cell phones and a wallet from the victim. In support of the petition, petitioner included, among other things, an incident report and a sworn deposition of the victim, who averred that his phones were taken by a male wearing a "[b]lue winter coat with white stripes on the left sleeve" and that the male threw the victim's wallet to the ground so that he could make an escape. In addition, petitioner supplied an image taken from a surveillance video camera showing individuals walking on a sidewalk and an unverified letter from James Canfield, the principal of respondent's high school, which identifies four young men, including respondent, who are observed in the video image.

Although the statements in the victim's deposition constitute nonhearsay allegations establishing that property was forcibly stolen from him, the deposition does not establish that respondent was the individual who committed such acts. Nor do the video image and Canfield's letter identifying respondent as the individual wearing the blue jacket depicted therein cure the evidentiary deficiencies that render the petition invalid. In particular, the video image shows, among other things, a male wearing a blue jacket with a white-striped sleeve that matches the description provided in the victim's report; however, the image itself does nothing to connect respondent to the robbery. Moreover, as Canfield's letter to the investigating police officer identifying respondent as the person wearing a blue jacket with white stripes on the sleeve was unsigned and unsworn, it does not constitute a nonhearsay identification of respondent as the person who committed the charged acts, thereby rendering the petition facially invalid (*see Matter of Rodney J.*, 83 NY2d at 507-508; *Matter of Shane B.*, 4 AD3d at 651-652; *Matter of Lionel O.*, 288 AD2d 705, 706 [2001]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the

order is reversed, on the law, without costs, and petition dismissed.