■ In the Matter of JUSTIN G., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [3 NYS3d 623]—

Appeal from an order of the Family Court, Kings County (Terrence J. McElrath, J.), dated April 24, 2014. The order dismissed the juvenile delinquency petition with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

The respondent's contention that the appeal must be dismissed is without merit. The presentment agency is appealing from an order dismissing the petition prior to the commencement of the fact-finding hearing (*see* Family Ct Act § 365.1 [2] [a]; *Matter of Courtney C.*, 114 AD3d 938 [2014]).

The presentment agency concedes that its original voluntary disclosure form, which was directed at both the respondent and another juvenile, gave notice only of the identification procedure that the presentment agency intended to present at the fact-finding hearing with respect to the other juvenile, and not of the identification procedure the presentment agency intended to present at the fact-finding hearing with respect to the respondent. Accordingly, the Family Court properly determined that the presentment agency's failure to comply with Family Court Act § 330.2 (2) required preclusion of the identification evidence with respect to the respondent, without regard to whether the respondent was prejudiced by the lack of notice (*see* Family Ct Act § 330.2 [2]; *Matter of Courtney C.*, 114 AD3d 938 [2014]; *Matter of Kendell F.*, 30 AD3d 601 [2006]; *cf.* CPL 710.30 [1] [b]; *People v Lopez*, 84 NY2d 425, 428 [1994]).

Since the presentment agency would not be able to prove its case without the identification testimony, the Supreme Court properly dismissed the juvenile delinquency petition. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.