*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    521075
_____

In the Matter of JONATHAN YY.,
    Alleged to be a
    Juvenile Delinquent.

JEFFREY AUMELL, as Madison                MEMORANDUM AND ORDER
    County Attorney,
                    Respondent;

JONATHAN YY.,
                    Appellant.
_____

Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

        Peter E. Smith, Wampsville, for appellant.

        S. John Campanie, County Attorney, Wampsville (Jeffrey A.
Aumell of counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Madison County
(DiStefano, J.), entered October 21, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to adjudicate respondent a juvenile delinquent.

        In July 2014, the manager of a Dollar Tree store reported a
larceny after allegedly observing a juvenile, who had entered the
store with approximately seven other juveniles, take a pair of
sunglasses, conceal them and attempt to leave the store.  Before
the juvenile exited the store, the manager stopped him and
retrieved the sunglasses, which were worth $1.  As a result,

petitioner filed a juvenile delinquency petition alleging that respondent (born in 1998) committed the aforementioned act and that, if that act was committed by an adult, it would constitute the crime of petit larceny (see Penal Law § 155.25).  At respondent's initial appearance, he admitted to committing the subject act and Family Court adjudicated him to be a juvenile delinquent and placed him on probation for one year.  Respondent now appeals, and we reverse.

A juvenile delinquency petition must contain "non-hearsay allegations . . . establish[ing] . . . every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]) or else it is "both legally insufficient and jurisdictionally defective" (Matter of Detrece H., 78 NY2d 107, 109 [1991]; accord Matter of Shane B., 4 AD3d 650, 651 [2004]).  The review of such petitions must be stringent in order to ensure that there is a "'valid and documented basis'" for the prosecution (Matter of Angel A., 92 NY2d 430, 433 [1998], quoting Matter of Neftali D., 85 NY2d 631, 636 [1995]).  The facial insufficiency of a petition is a nonwaivable defect that may be raised for the first time on appeal (see Matter of Neftali D., 85 NY2d at 637; Matter of Shane B., 4 AD3d at 651).

The petition does not contain a nonhearsay allegation identifying respondent as the perpetrator of the theft.  In his sworn statement, the manager asserted that he observed a "youth" take the sunglasses.  He further elaborated that the youth was "later identified as [respondent]."  Accordingly, the manager's sworn statement indicates that some third person had knowledge that the detained "youth" was respondent.  A statement regarding a different person's ability to identify a suspect for the purpose of establishing the truth of that identification is hearsay (see People v Benjamin, 272 AD2d 276, 277 [2000]; People v Clark, 178 AD2d 258, 260 [1991]).  Petitioner cannot rely on hearsay for the required allegation that respondent committed the alleged act.  Given that there is no other evidence or sworn statements supporting the petition, it must be dismissed for a lack of a nonhearsay allegation identifying respondent as the youth who took the sunglasses (see Matter of Jayquan VV., 123 AD3d 1416, 1417 [2014]; Matter of Divine D., 79 AD3d 940, 941 [2010]; Matter of Matthew W., 48 AD3d 587, 588 [2008]; Matter of

Shane B., 4 AD3d at 651-652).[1]  Respondent's remaining contentions are rendered academic by this determination.

Lahtinen, J.P., and Devine, J., concur.


Lynch, J. (dissenting).

I respectfully dissent.  In my view, the manager's supporting deposition provides direct evidence identifying respondent as the perpetrator of the larceny.  In his statement, the manager explained that he "observed one of the youths, later identified as [respondent]" actually take the sunglasses, remove the tag, place the sunglasses in his pocket and then walk past the registers without paying.  At that point, the manager stopped respondent and retrieved the sunglasses.  The manager's direct observation of the incident and face-to-face confrontation with respondent provides a sufficient factual, nonhearsay basis for identifying respondent as the perpetrator.  The "later identified as [respondent]" comment simply provides the name to complement the manager's direct identification.  It follows that the petition was legally sufficient.

Since petitioner's remaining contentions are without merit, I would affirm Family Court's order.

---

[1]  Our dissenting colleague assumes the dispositive fact, i.e., that "the manager stopped respondent [from leaving with the sunglasses]" (emphasis added).  Respondent's identity as the perpetrator, however, is a fact that must be established by a nonhearsay allegation.  Given that the dissent is unable to identify a nonhearsay allegation that respondent, rather than some unidentified youth, committed the alleged act, our colleague's analysis improperly deprives respondent of the protections provided to him by Family Ct Act § 311.2 (3).

ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court