*1345 McCarthy, J.
Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered October 21, 2014, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In July 2014, the manager of a Dollar Tree store reported a larceny after allegedly observing a juvenile, who had entered the store with approximately seven other juveniles, take a pair of sunglasses, conceal them and attempt to leave the store. Before the juvenile exited the store, the manager stopped him and retrieved the sunglasses, which were worth $1. As a result, petitioner filed a juvenile delinquency petition alleging that respondent (born in 1998) committed the aforementioned act and that, if that act was committed by an adult, it would constitute the crime of petit larceny (see Penal Law § 155.25). At respondent’s initial appearance, he admitted to committing the subject act and Family Court adjudicated him to be a juvenile delinquent and placed him on probation for one year. Respondent now appeals, and we reverse.
A juvenile delinquency petition must contain “non-hearsay allegations . . . establish [ing] . . . every element of each crime charged and the respondent’s commission thereof” (Family Ct Act § 311.2 [3]) or else it is “both legally insufficient and jurisdictionally defective” (Matter of Detrece H., 78 NY2d 107, 109 [1991]; accord Matter of Shane B., 4 AD3d 650, 651 [2004]). The review of such petitions must be stringent in order to ensure that there is a “ Valid and documented basis’ ” for the prosecution (Matter of Angel A., 92 NY2d 430, 433 [1998], quoting Matter of Neftali D., 85 NY2d 631, 636 [1995]). The facial insufficiency of a petition is a nonwaivable defect that may be raised for the first time on appeal (see Matter of Neftali D., 85 NY2d at 637; Matter of Shane B., 4 AD3d at 651).
The petition does not contain a nonhearsay allegation identifying respondent as the perpetrator of the theft. In his sworn statement, the manager asserted that he observed a “youth” take the sunglasses. He further elaborated that the youth was “later identified as [respondent].” Accordingly, the manager’s sworn statement indicates that some third person had knowledge that the detained “youth” was respondent. A statement regarding a different person’s ability to identify a suspect for the purpose of establishing the truth of that identification is hearsay (see People v Benjamin, 272 AD2d 276, 277 [2000]; People v Clark, 178 AD2d 258, 260 [1991]). *1346 Petitioner cannot rely on hearsay for the required allegation that respondent committed the alleged act. Given that there is no other evidence or sworn statements supporting the petition, it must be dismissed for a lack of a nonhearsay allegation identifying respondent as the youth who took the sunglasses (see Matter of Jayquan VV., 123 AD3d 1416, 1417 [2014]; Matter of Divine D., 79 AD3d 940, 941 [2010]; Matter of Matthew W., 48 AD3d 587, 588 [2008]; Matter of Shane B., 4 AD3d at 651-652).* Respondent’s remaining contentions are rendered academic by this determination.
Lahtinen, J.P., and Devine, J., concur.

 Our dissenting colleague assumes the dispositive fact, i.e., that “the manager stopped respondent [from leaving with the sunglasses]” (emphasis added). Respondent’s identity as the perpetrator, however, is a fact that must be established by a nonhearsay allegation. Given that the dissent is unable to identify a nonhearsay allegation that respondent, rather than some unidentified youth, committed the alleged act, our colleague’s analysis improperly deprives respondent of the protections provided to him by Family Ct Act § 311.2 (3).