Matter of Savannah F. (2024 NY Slip Op 05860)

Matter of Savannah F.

2024 NY Slip Op 05860

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-23-1703
[*1]In the Matter of Savannah F., Alleged to be a Juvenile Delinquent. Warren County Attorney, Appellant; Savannah F., Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Lawrence Elmen, County Attorney, Lake George (Ryan J. Dickey of counsel), for appellant.
Trinidad M. Martin, Glens Falls, for respondent.

Powers, J.
Appeal from an order of the Family Court of Warren County (Paulette M. Kershko, J.), entered August 29, 2023, which, in a proceeding pursuant to Family Ct Act article 3, granted respondent's motion to dismiss the petition.
In August 2023, petitioner brought this juvenile delinquency proceeding against respondent (born in 2009) alleging that she had committed acts that, if committed by an adult, would constitute the crime of assault in the third degree. During the initial appearance on the petition, respondent orally moved to dismiss the petition as facially insufficient inasmuch as the petition and accompanying Information failed to contain nonhearsay allegations establishing respondent's identity as the perpetrator. Family Court granted respondent's motion over petitioner's objection and dismissed the petition with prejudice. Petitioner appeals.
"[T]o be facially sufficient, a juvenile delinquency petition must contain nonhearsay allegations establishing every element of each crime charged and the respondent's commission thereof" (Matter of Lucas Y., 223 AD3d 1057, 1058 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 41 NY3d 909 [2024]; see Family Ct Act § 311.2 [3]; Matter of Jonathan YY., 134 AD3d 1344, 1345 [3d Dept 2015]). Notably, "a prosecuting agency may supplement the removal order and accompanying papers with a supporting deposition in order to satisfy the requirement of Family Ct Act § 311.2 (3) that a petition be supported by nonhearsay allegations establishing, if true, every element of each charged crime" (Matter of Lucas Y., 223 AD3d at 1058; see Matter of Michael M., 3 NY3d 441, 448 [2004]). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or [a] count [thereof]" (Matter of Yacere D., 218 AD3d 571, 572 [2d Dept 2023] [internal quotation marks and citations omitted]).
The juvenile delinquency petition alleged that respondent had committed an act which, if committed by an adult, would constitute assault in the third degree (see Penal Law § 120.00 [1]) in that she, "with [the] intent to cause physical injury to another person, did cause such injury to such person or third person" by "intentionally strik[ing] the victim . . . in the head and face with a closed fist, causing [the victim] to sustain injury to her head and face." The allegations in the petition were based upon an Information provided by a deputy of the Warren County Sheriff's Department who had responded to the incident, appended as Exhibit A. The deputy affirmed under penalty of perjury that respondent had grabbed the victim by the hair and struck her "in the head with a closed fist approximately [18] times, causing [the victim] to sustain a strained cervical spine, traumatic brain injury, and loose tooth." The Information identified the sources of the deputy's knowledge as the "police investigation and a video of the [*2]incident." The deputy further stated that when she responded to the scene, she interacted with respondent as well as another juvenile who denied that either she or respondent was involved in the incident and, instead, identified a third juvenile as the perpetrator. The deputy then interviewed the victim at the scene, who also identified this third juvenile as the perpetrator, explaining that she had been struck by this third juvenile causing her to fall to the ground, at which point the third juvenile continued the attack. The deputy reported that when she subsequently responded to the hospital to conduct a follow-up interview of the victim, the victim's mother "had received information that [respondent] had participated" in the attack of the victim. However, the victim was unable to confirm the involvement of any individuals other than the third juvenile previously identified.
The only allegation establishing that respondent had committed the crime charged was the victim's mother's assertion that she "had received information" to this effect. As this was clearly hearsay, we agree that Family Court properly dismissed the juvenile delinquency petition as facially insufficient inasmuch as there were no nonhearsay allegations in either the petition or Information establishing respondent's involvement in the charged crime (see Matter of Jonathan YY., 134 AD3d at 1345-1346; Matter of Jayquan VV., 123 AD3d 1416, 1417 [3d Dept 2014]; Matter of Christopher M., 94 AD3d 1119, 1120 [2d Dept 2012]; Matter of Shane B., 4 AD3d 650, 651-652 [3d Dept 2004]). Therefore, the court was deprived of subject matter jurisdiction in this matter.[FN1]
Nevertheless, we find that Family Court abused its discretion in dismissing the petition with prejudice. "Where a petition is dismissed as jurisdictionally defective, dismissal is generally without prejudice, and the presentment agency's proper recourse is to refile the petition" (Matter of Robert O., 87 NY2d 9, 14 [1995], citing Matter of Detrece H., 78 NY2d 107, 111 [1991]). The court indicated that the error here was "egregious" because there were no nonhearsay allegations identifying respondent as the individual who committed the charged crime, and that this error could not be remedied by allowing for petitioner to refile. Although this error could not have been remedied by amendment of the petition (see Family Ct Act § 311.5 [2] [b]), it could have been remedied by refiling. Specifically, upon refiling there could be clarification from the deputy as to the specifics of the investigation including, as is relevant here, how the video of the incident was acquired and what that video depicted, based upon the deputy's personal knowledge after review of the video. This is not a case where the presenting agency will necessarily be unable to establish respondent's identity (compare Matter of Justin G., 126 AD3d 971, 972 [2d Dept 2015]) and, therefore, the petition should have been dismissed without prejudice to allow for refiling [*3](cf. Matter of Jessica MM., 256 AD2d 1027, 1028 [3d Dept 1998]).
Egan Jr., J.P., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition with prejudice; petition dismissed without prejudice; and, as so modified, affirmed.

Footnotes

Footnote 1: Petitioner's contention that Family Court lacked jurisdiction to consider the oral motion is without merit. Considering that this is a nonwaivable jurisdictional defect (see generally Matter of Michael M., 3 NY3d at 448-449), such issue may be raised at any time during the proceeding and may be raised on the court's own motion (see Family Ct Act § 315.1 [1] [a]; [2]). Moreover, petitioner's reliance on Family Ct Act § 332.1 is misplaced as dismissal for insufficiency of the petition is excluded from the list of pretrial motions that must be made after the initial appearance (see Family Ct Act § 332.1; Matter of James JJ., 206 AD3d 1091, 1091 [3d Dept 2022]).