Matter of Brandon GG.
2026 NY Slip Op 03042
May 14, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Brandon GG., Alleged to be a Juvenile Delinquent. Tompkins County Attorney, Respondent; Brandon GG., Appellant.

Decided and Entered:May 14, 2026
CV-25-0552
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, McShan And Corcoran, JJ.

Thomas G. Shannan, Ithaca, for appellant.
Maury B. Josephson, County Attorney, Ithaca (Holly L. Mosher of counsel), for respondent.

[*1]
McShan, J.
Appeal from an order of the Family Court of Tompkins County (Scott Miller, J.), entered February 25, 2025, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In November 2024, petitioner filed a juvenile delinquency petition, alleging that respondent, aided by three others, committed acts in the City of Ithaca, Tompkins County, that, if committed by an adult, would constitute two counts of gang assault in the second degree, two counts of assault in the second degree and two counts of assault in the third degree against the two victims. At a fact-finding hearing, respondent admitted to committing two acts which, if he were an adult, would constitute assault in the third degree.FN1 Following a dispositional hearing, Family Court entered an order of disposition adjudicating respondent as a juvenile delinquent and imposing a one-year term of probation with restitution to each of the two victims. Respondent appeals.
Respondent raises a nonwaivable jurisdictional challenge to the facial sufficiency of the petition (see Matter of Michael M., 3 NY3d 441, 443 [2004]; Matter of Tashawn MM., 218 AD3d 906, 907 [3d Dept 2023]), contending improper reliance upon hearsay proof to identify him as a perpetrator of the assaults. He further contends that the proof established, at most, that he was in the vicinity of the area where the assault took place, but does not indicate that he participated in the assaults.FN2 Family Ct Act § 311.2 (2) requires that "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged." Moreover, "[t]o be facially sufficient, a juvenile delinquency petition must contain nonhearsay allegations establishing every element of each crime charged and the respondent's commission thereof" (Matter of Savannah F., 232 AD3d 1100, 1101 [3d Dept 2024] [internal quotation marks and citations omitted]; see Family Ct Act § 311.2 [3]; Matter of Tashawn MM., 218 AD3d at 907).
Attached to the petition were sworn statements by an investigator from the City of Ithaca Police Department; an uninvolved eyewitness of the incident; the two victims; and a police officer that responded to the incident. The victims stated that in August 2024, they were approached by a group of approximately four to six males, and, after a brief verbal altercation, the group of males physically assaulted them resulting in significant injuries. The eyewitness stated that he observed the assault, recorded part of it on his cell phone and sent that video to one of the victims after the assault. The responding officer stated that he reviewed this video to get an accurate clothing description of the four males and subsequently reviewed city cameras to back track their movements until he could clearly identify them on the camera. The officer [*2]then generated still photographs from that image and included them in a briefing book for the investigation. Upon reviewing that book, the investigator identified respondent as one of the subjects in the still photo based upon an interaction with respondent three days prior to the incident.
Substantively, respondent's argument compartmentalizes the affidavit of the investigator to suggest that his only connection to the incident was established by hearsay proof. On that, respondent emphasizes that the investigator was not involved in the investigation of the underlying incident and, further, that there is no indication that he viewed the surveillance footage in its entirety. Considering that the supporting affidavits must be read together when assessing the merits of a facial challenge, respondent's argument is unavailing (see Matter of Jahron S., 79 NY2d 632, 638 [1992]; Matter of Shakeim C., 97 AD3d 675, 676-677 [2d Dept 2012]). Upon his review of the still photograph contained in the briefing book, which referenced the investigation number for the reported incident and noted that the slide was created by the responding officer, the investigator identified respondent as the individual depicted based upon the investigator's personal knowledge garnered from a prior encounter that occurred three days prior to the incident. Such proof sufficiently establishes that the investigator's identification was not reliant on hearsay information (compare Matter of Jonathan YY., 134 AD3d 1344, 1345 [3d Dept 2015]; Matter of Jayquan VV., 123 AD3d 1416, 1417 [3d Dept 2014]; Matter of Shane B., 4 AD3d 650, 651-652 [3d Dept 2004]); rather, considered alongside the other affidavits describing how the video was procured and the responding officer's method of "back track[ing]" the footage to obtain the usable still image, the identification had an independent basis that was "sufficient to fulfill the statutory purpose of identifying respondent as the perpetrator" (Matter of Errol D., 241 AD2d 732, 732-733 [3d Dept 1997], lv denied 90 NY2d 810 [1997]; see Matter of Isaiah D., 72 Misc 3d 1120, 1126 [Fam Ct, NY County 2021]; compare Matter of Tyshawn M., 32 Misc 3d 689, 693 [Fam Ct, Monroe County 2011]; see generally Matter of Jahron S., 79 NY2d at 639). Accordingly, we reject respondent's argument that the petition was facially insufficient.
Clark, J.P., Aarons, Ceresia and Corcoran, JJ., concur.
ORDERED that order is affirmed, without costs.

Footnotes

Footnote 1
Family Court dismissed the counts of gang assault in the second degree and assault in the second degree.

Footnote 2
Respondent does not dispute that the supporting affidavits would otherwise establish every element of the crimes charged.